## HILL v. BUCY et el.

No. 12117—Opinion Filed Oct. 9, 1923.

(Syllabus.)

### 1. Pleading — Judgment on Pleadings — Effect of Motion.

In effect, a motion for judgment on the pleadings is a demurrer, and for the purpose of its consideration all the allegations of the opposite party are admitted as true.

### 2. Judgment — Motion to Vacate—"Control During Term."

Where a motion to vacate and set aside a judgment is filed at the same term of court at which the judgment is rendered, it invokes the jurisdiction of the court to vacate the same under the rules governing the control of judgments by trial courts during the term at which rendered, whether the motion is acted on at the same term or a later term.

**3. Same — Order of Vacation—Affirmance.**

Record examined, and held, the trial court made no error in entering the order vacating the judgment of February 3, 1919.

Error from District Court, Washington County; Chas. B. Wilson, Jr., Judge.

Action by P. L. Bucy and another against Johnson D. Hill. Judgment on pleadings for defendant vacated, and he brings error. Affirmed.

Rowland & Talbott, for plaintiff in error.

G. W. Fries and B. T. Hainer, for defendants in error.

BRANSON, J. This appeal is prosecuted from a judgment of the district court of Washington county. The defendants in error, P. L. Bucy and C. J. Bucy, as the plaintiffs in the district court, filed their petition against the plaintiff in error, Johnson D. Hill et al., in January, 1913, in which, among other things, they alleged that a partnership was formed between them to purchase an oil and gas mining lease, and that the plaintiffs furnished the money to procure the lease, and that the lease was taken in the names of C. W. Patterson and others, and, in effect, prayed that the defendants be declared trustees of the title, for the benefit of the plaintiffs, as well as themselves, or for an alternative judgment in the sum of $1,600, the alleged value of their interest in the lease.

The defendants filed answer, in form a general denial, and the cause was set down for trial on the docket, to be tried February 3, 1919. On that date, the defendant moved for judgment on the pleadings, which was by the trial court sustained, and on February 27th, and at the same term of the district court of Washington county, Okla., the plaintiffs filed a motion to vacate and set aside the judgment theretofore on February 3rd, entered by the court. The district court overruled the motion to vacate and set aside the judgment on January 7, 1921, but thereafter, and on January 8, 1921, set aside his order overruling the motion to vacate and set aside the order overruling the motion to vacate judgment rendered on the pleadings, and entered a further order vacating and setting aside the judgment. This appeal is prosecuted to set aside the judgment of January 8, 1921, in which the trial court vacated the order overruling the motion to set aside the judgment, and entered one vacating the judgment. The plaintiff in error in effect says that the judgment of January 3, 1919, was a final judgment from which the plaintiffs perfected no appeal, and that the lower court was without power to vacate the same.

It must be borne in mind that the motion to vacate the judgment entered February 3, 1919, on the pleadings, was filed on the 27th day of February, 1919, which was, under the statute, at the same term of court the judgment was rendered. For some reason not explained by the record, the motion to vacate the judgment was not acted on until January 7, 1921, when the court overruled the motion to vacate the judgment, but on the following date, to wit, January 8, 1921, the same term, reconsidered its action, and set aside its order made the previous day overruling the motion to vacate, and entered an order vacating the judgment.

We deem it unnecessary to go into the details of the allegations of the petition and the general denial filed by the defendants, for, as we view it under the well-settled law, the only question here is whether or not the court abused its discretion in setting aside the judgment of February 3, 1919. While counsel undertake to argue in their brief that the court had no power to enter the order of January 8, 1921, setting aside the order made the previous day overruling the motion to vacate, and further order sustaining the motion to vacate, we think this argument is without any merit. The terms of the district courts of this state are fixed by statute, and where it appears that the court has been regularly convened for the term designated by the statute, and there is nothing in the record to show that the court had been adjourned sine die before the arrival of the date of the next term of court, the action of the court on a motion to vacate a judgment rendered which is filed at the same term is largely within the discretion of the trial court. The judgment in question herein was rendered at the January, 1919, term of the district court, which term did not lapse by operation of law until the first Monday in May, 1919. The motion to vacate the judgment was filed February 27, 1919, and the order overruling the motion was made at the January term, 1921, but on the following date and at the same term of court, the order overruling the motion to vacate was itself set aside, and the motion to vacate reinstated, the motion sustained, and the judgment vacated and set aside.

It has been frequently held by this court that a motion for judgment on the pleadings is in the nature of a demurrer, and for its purpose admits the truth of all the facts well pleaded by the opposite party, and that a motion for judgment on the pleadings should only be sustained where no cause of action or defense is stated, and such pleading, the sufficiency of which is so attacked, is not

susceptible of amendment. The court had jurisdiction to enter the order vacating the order overruling the motion to vacate the judgment on the pleadings, and to vacate the judgment so rendered, for that section 5267, Rev. Laws 1910, provides:

"The district court shall have power to vacate or modify its own judgment or orders at or after the term at which such judgment or order was made: * * * (Subdivision 3.) For mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order."

The jurisdiction of the court to enter this order vacating the judgment was invoked by a motion filed at the same term that the judgment was rendered, and having been so invoked, it makes no difference that several terms of court elapsed before the court exercised its jurisdiction to vacate the judgment so rendered, which was not done until January 8, 1921.

The action of the court, vacating the order overruling the motion to vacate the judgment and sustaining the motion to vacate the judgment, is therefore affirmed.

JOHNSON, C. J., and KANE, McNEILL, KENNAMER, NICHOLSON, COCHRAN, and MASON, JJ., concur.