## THOMAS v. BANK OF COMMERCE et al.

No. 17394. Opinion Filed June 12, 1928.

Rehearing Denied Oct. 30, 1928.

McKeever, Moore & Elam, and Lytle & Field, for plaintiff in error.

Hughes, Foster & Ellinghausen, for defendants in error.

DIFFENDAFFER, C. The parties will be referred to herein as in the court below, and where the plaintiff in error herein is referred to as defendant, Roy W. Thomas is intended.

This is an action brought on two causes of action, the one on a promissory note and the other for money loaned the Sapulpa Printing Company, and to foreclose a chattel mortgage executed by Sapulpa Printing Company to recover said indebtedness, and also for personal judgment against A. L. Thomas, La Rue Thomas, and Roy W. Thomas. The case was dismissed as to La Rue Thomas. The Sapulpa Printing Company and A. L. Thomas made no defense, and judgment was rendered against them by default.

The petition is in the usual form, and in the first cause of action pleads the note of Sapulpa Printing Company, dated the 18th day of December, 1924, for $4,114.15, due 90 days after date. The note is signed, "Sapulpa Printing Company by A. L. Thomas, President"; attested by A. M. Cook, secretary. It is not signed or indorsed by either La Rue Thomas or Roy W. Thomas.

The second cause of action is for $2,534, and is for money advanced from time to time after the date of the note and mortgage.

The chattel mortgage is in the usual form, a copy thereof being attached to the petition as an exhibit and made a part thereof. It contains a clause providing that it shall also secure any additional indebtedness that may exist between the mortgagor and mortgagee during the term of the mortgage.

The petition contains a third cause of action, setting out ground for and asking that a receiver be appointed. A receiver was appointed and during the pendency of the suit, the mortgaged property was sold, by agreement of the parties, and the proceeds thereof, and a personal judgment against defendant Roy W. Thomas, is the matter in controversy in this appeal.

The petition describes the mortgaged property as described in the mortgage, and with reference to defendant Roy W. Thomas and his claims against the property, alleges:

"Plaintiff further alleges that the defendant Roy W. Thomas claims some right, title and interest in and to the property described in plaintiff's mortgage, and alleges that he is informed and believes that he claims the same by virtue of a purported chattel mortgage given by the said Sapulpa Printing Company to the said Roy W. Thomas on or about the 4th day of December, 1924, for the sum of $5,400.

"Your plaintiff further alleges that if the said Roy W. Thomas does claim any right, title or interest in and to the property by virtue of said purported mortgage, that the same is junior and inferior to the right, title and interest of this plaintiff as above set out and as hereinafter set out in the mortgage above mentioned."

The above quoted from the petition is the first that defendant Roy W. Thomas is mentioned. The petition then, as a basis for a personal judgment against Roy W. Thomas on the note, alleges:

"That long prior to the execution of the purported mortgage given by the Sapulpa Printing Company to Roy W. Thomas, the said A. L. Thomas, president and general manager of said defendant corporation, had repeatedly promised said plaintiff that upon the advancement of certain amounts of money, which money was advanced prior to the time of the execution of the plaintiff's mortgage, that he would deliver to the plaintiff a good and valid first mortgage upon the property above described.

"That relying upon said promise the plaintiff advanced from time to time prior to December, 1924, the amount of money as shown by the note and mortgage of the plaintiff as above set out, and that on or about the 4th day of December, 1924, A. L. Thomas, La Rue Thomas and Roy W. Thomas, conspiring together and acting for the purpose of defrauding this plaintiff, called a meeting of the stockholders of the Sapulpa Printing Company, a corporation, and voted to give to said Roy W. Thomas the purported mortgage above mentioned, and that at the time said action was taken it was agreed and understood between the said Roy W. Thomas, and one of the officers of the plaintiff company, that the claim of the plaintiffs would be protected by him per-

sonally, and gave the said plaintiff officer to understand that the lien of the plaintiff would be prior to the lien of the said Roy W. Thomas, if any lien the said Roy W. Thomas might have."

These are all the allegations in the first cause of action with reference to Roy W. Thomas or his mortgage.

The allegation of the petition as to the second cause of action is as follows:

"Comes now the plaintiff and for its second cause of action against the defendants hereby make a part of this, his second cause of action, all the allegations alleged in its first cause of action as fully as if set out herein.

"For a further cause of action the plaintiff alleges that at various times since the execution of the note and mortgage set out in the first cause of action that he has advanced to these defendants the sum of $2,-534, that under and by virtue of the terms of the mortgage that the same became a lien upon the property described in said mortgage and that said amount last above named is long past due and wholly unpaid and that he is entitled to have the same declared a first and prior lien as superior to all other liens and claims against the property described in the first cause of action, and is entitled to have said property sold as provided by law, and for the reasons set out in the first cause of action herein and hereafter set out in the third cause of action shall entitle the receiver to take charge of said property pending this litigation."

The prayer is that plaintiff have judgment against each of the defendants, and that its mortgage be declared a first lien on the property, and that all other liens upon said property be declared junior and inferior to the lien of plaintiff, for foreclosure of the mortgage lien, sale of the property, and that the proceeds be applied first to the payment of plaintiff's claim.

Defendant Roy W. Thomas answers by general denial, and by cross-action. His cross-petition contains two causes of action. The first is based upon a promissory note for $5,400, dated the 4th day of December, 1924, executed by the Sapulpa Printing Company, due December 4, 1925, and a chattel mortgage of the same date covering the same property in plaintiff's mortgage, given to secure said note. A copy of the mortgage is attached to and made a part of the answer and cross-petition. It shows that it was filed for record on the 5th day of December, 1924, 13 days before the date of plaintiff's mortgage. The mortgage is in the ordinary form, and does not contain the clause providing that it shall be security for any other indebtedness that may exist between the mortgagor and mortgagee. A copy of the note is attached to and made a part of the cross-petition.

The second cause of action is based, like the second cause of action of plaintiff, on money advanced to Sapulpa Printing Company after the date of his mortgage, and is as follows:

"Said answering defendant further alleges that shortly after the execution of said note and mortgage as set forth in said first cause of action in this cause of action, the defendant company, herein Sapulpa Printing Company, a corporation, induced this answering defendant to advance from time to time in various amounts money on drafts drawn through the bank of the plaintiff here, and which said mortgage were so received from said defendant herein were used by said Sapulpa Printing Company in operating said plant and in the purchase of materials and machinery and appurtances used in connection and attached to the printing plant machinery and other property described in said defendant's mortgage, and that said sums aggregated a total of $1,703.27, none of which has been repaid unto said answering defendant, and that by reason of the nature of said advancements and to the purpose of which they were applied with the knowledge and consent of the plaintiff herein under the terms of said chattel mortgage said sums so advanced by said answering defendant have also become a first lien upon said property superior to that of any claim of the plaintiff herein; that said sum is long past due and unpaid and said answering defendant is entitled to a personal judgment upon said sum against the Sapulpa Printing Company, a corporation, defendant herein, together with 6% interest thereon from this date until paid, and that the sum be declared a lien against said property described under said chattel mortgage subject only to the note of $5,400 as described in said plaintiff's (defendant's) first cause of action herein, and a foreclosure of said lien and a sale of said property as provided by law."

The prayer is that plaintiff take nothing as against this answering defendant; that this defendant have judgment against the Sapulpa Printing Company on both causes of action; that he be adjudged to have a first and prior lien on all the property described in the mortgage to secure the judgment, as to both causes of action, and that said lien be declared superior and paramount to the claim or lien of plaintiff, for the foreclosure of his lien, sale of the property, etc.

Plaintiff replied by general denial, and specifically denies the execution of defendant's mortgage, denies the consideration and delivery of the mortgage, and denies that defendant's mortgage is a prior lien to that of plaintiff.

We have set out the pleadings somewhat at length, for the reason that as the pleadings thus stood, defendant Roy W. Thomas, on November 30, 1925, filed the following motion for judgment:

"Comes now the defendant, Roy W. Thomas, by his attorneys, Lytle & Fields & McKeever, and moves the court to enter judgment on the pleadings against the plaintiff and in favor of the defendant Roy W. Thomas, and against the plaintiff, Bank of Commerce."

This motion was renewed at the trial and overruled, and defendant excepted, and assigns this as error in his first assignment. After the motion was argued to the court and before his ruling thereon, defendant asked and obtained leave to verify his answer, which was done. The plaintiff then asked and obtained leave to verify its reply. This was never done. So that at the time the court ruled on the motion, defendant's answer was verified, but plaintiff's reply was not. The case was then tried to a jury on the issue of priority between plaintiff's mortgage and that of defendant, and the personal liability of defendant on the debt of plaintiff. The jury rendered separate verdicts on these issues, both being for the plaintiff. From a judgment on these verdicts, defendant brings this appeal, and the first question presented is that of error in refusing to sustain the motion of defendant for judgment on the pleadings.

What then was the effect of defendant's motion for judgment? This court, in the case of Deming Investment Co. v. Reed, 72 Okla. 112, 179 Pac. 35, cites with approval the rule as stated in 31 Cyc., par. 606, as follows:

"Nature of Motion. A motion for judgment upon the pleadings is in the nature of a demurrer. It is in substance both a motion and a demurrer. It is a demurrer for the reason that it attacks the sufficiency of the pleadings; and it is a motion for the reason that it is an application for an order for judgment. Like a demurrer it admits the truth of all well-pleaded facts in the pleadings of the opposing party. It may be carried back and sustained against a prior pleading of the party making the motion, and the court will consider the whole record and give judgment for the party who, on the whole, appears entitled to it,"

—and adopts the rule verbatim as the first syllabus.

To the same effect is the case of Sharp Lumber Co. v. Kansas Ice Co., 42 Okla. 689, 142 Pac. 1016.

If, as was said in Deming Investment Co. v. Reed, supra, like a demurrer the motion admits the truth of all well-pleaded facts in the pleadings of the opposing party, and that it may be carried back and sustained against a prior pleading of the party making the motion, and that it is proper thereunder for the court to consider the whole record, and give judgment for the party who, on the whole, appears entitled to it, then in the instant case, defendant by his motion admitted every well-pleaded fact contained in plaintiff's petition.

The execution of plaintiff's mortgage being well-pleaded, its execution was admitted notwithstanding the verification of defendant's answer. Was there, then, any other well-pleaded fact in the petition as against defendant which the motion admitted?

The only other facts attempted to be pleaded against defendant were that defendant was personally liable to plaintiff, both on the note and on the second cause of action, and that plaintiff's mortgage, though admitted to be junior in date to that of defendant, was in fact superior and prior thereto.

We have heretofore set out in full all the allegations in plaintiff's petition, by which he sought to hold defendant personally liable, and we will not repeat them here. We think it sufficient to say that they wholly fail to state a cause of action against defendant on either cause of action.

All the allegations in plaintiff's petition whereby it sought to establish the priority of its mortgage over that of defendant have also been set out in full. It will be noted therefrom that plaintiff in effect says that its mortgage should be given priority over that of defendant, for that on the 4th day of December, 1924, that being the date on which defendant's mortgage was given, A. L. Thomas, La Rue Thomas, and Roy W. Thomas, conspiring together and acting for the purpose of defrauding the plaintiff, called a meeting of the stockholders of the Sapulpa Printing Company, and voted to give to said Roy W. Thomas the purported mortgage; and that at the same time said action was taken it was understood and agreed between said Roy W. Thomas and one of the officers of plaintiff company that the claim of plaintiff would be protected by him personally, and (he) gave the said plaintiff officer to understand that the lien of the plaintiff would be prior to the lien of said Roy W. Thomas, if any lien the said Roy W. Thomas might have.

How can it be said from the above that any facts constituting fraud or any reason whatever why defendant's mortgage is not valid were stated? And it says that the

**50**

meeting was called and the mortgage was given for the purpose of defrauding plaintiff, but there is no allegation that the Printing Company was not in fact indebted to defendant in the full amount of the note, and there is no allegation whatever that at that time defendant knew anything whatever about the alleged promise of the president of the Printing Company to give plaintiff a mortgage to secure its then indebtedness to the bank. We think this allegation wholly fails to state fraud sufficient to vitiate defendant's mortgage. Then there is the further allegation that at the same time defendant agreed with an officer of plaintiff bank that the bank's claims would be protected by him personally, and that he gave the officer of the bank to understand that the lien of plaintiff would be prior to his lien. This does not even amount to a promise. But assuming that it does, it falls far short of a binding promise. There is absolutely no consideration shown therefor, and we think before the promise, if made, would be binding some consideration therefor must be shown.

In Porter v. Title Guaranty & Surety Co. (Idaho) 106 Pac. 299, where the holder of a first chattel mortgage signed a written instrument containing the following provision:

"Now therefore, I, the said John Porter, mortgagee as aforesaid, do hereby stipulate and agree that the mortgage so made to me, March 6, 1906, shall be regarded and held secondary, and subject to another certain mortgage made by Monarch & Porter to the Title Guaranty & Surety Company of Scranton, Pennsylvania, bearing date March 12, 1906"

—it was held that Porter was not thereby estopped from asserting the priority of his mortgage, since there was no consideration stated in the document, and no consideration in fact passed.

The allegations of the execution and delivery of defendant's note and mortgage then stand admitted. In so holding, we have not overlooked the fact that plaintiff obtained leave to amend its reply. Leave to amend was, we think, of no effect in such case until plaintiff in fact verified its reply, which was not done. The allegations of plaintiff of the execution and delivery of its note and mortgage, as well as those of the advancement of further money to the Printing Company, stood admitted as true by defendant's motion for judgment.

As the pleadings stand, including defendant's motion, under the rule stated in Deming Investment Co. v. Reed et ux., supra, the motion of defendant for judgment should have been sustained, and the trial court should have rendered such judgment as the pleadings show each party was entitled to; we think that there was no question of fact left to submit to the jury and that the pleadings show that defendant Roy W. Thomas should have judgment against the Printing Company on his first cause of action, and that his mortgage be declared a first lien on the property; that the plaintiff should have judgment against the Printing Company on its first and second causes of action, and that its mortgage be declared a lien on the property, subject only to the prior lien of defendant to the extent of his notes, and that defendant Roy W. Thomas have judgment against the Printing Company on his second cause of action, and that he have no lien on the property to secure same, and that judgment should be rendered for defendant against the plaintiff, and in favor of defendant Roy W. Thomas on the claim of personal liability.

This disposes of this appeal. There are a number of other assignments of error, which it will not be necessary to consider, except to say that we have not overlooked the letter contained in the record appearing to have been written by defendant to plaintiff, January 9, 1925, in which it was said:

"However, I will still guarantee that you will lose nothing provided the paper continues to run. It would be foolish for me to guarantee the payment of any sum if the paper was to suspend publication."

We do not think this was competent under the pleadings, since it amounts to no more than a conditional guaranty. There was no allegation in the petition or reply of plaintiff of any conditonal guaranty, and no allegation of condition performed. This letter was admitted over the objection of defendant, as not being within the issues. The only promise or guaranty set out in the pleadings of plaintiff was the oral statement alleged to have been made by defendant to an officer of the bank on December 4, 1924. We do not think this letter could be properly admitted, there being no appropriate allegations such as would bring the conditioned guaranty within the issues.

For the error pointed out, this cause should be reversed and remanded, with directions to proceed in accordance herewith.

BENNETT, HALL, HERR, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.