**TAYLOR et al. v. CAMPBELL.**

No. 18795. Opinion Filed Sept. 10, 1929.

Rehearing Denied Oct. 22, 1929.

Lawrence Mills, for plaintiffs in error.

Davis & Patterson and Carver & Huser, for defendant in error.

RILEY, J. As disclosed by the pleadings, on March 15, 1916, Betsy Taylor, nee Winton, and H. T. Taylor, her husband, executed and delivered to A. G. Mayhue a warranty deed absolute in its terms conveying thereby 60 acres of land located in Seminole county and described as follows: S.W.¼ of N.E.½, and N.½ of N.E.¼ of section 20, township 9, range 7. Simultaneously a written contract was entered into between the parties which provided by its terms for: (1) Repurchase and reconveyance of the described premises, (2) renting of the premises by grantor for the year 1916, (3) peaceful delivery of possession to grantee at the end of the rent period. These instruments were duly recorded. Mayhue conveyed his rights to Hexton in March 28, 1916, and Hexton conveyed his rights to J. D. Campbell on May 9, 1918.

On October 11, 1918, Campbell commenced action in ejectment against Betsy Taylor, Henson Taylor, and Isaah Winton and obtained a judgment in his favor declaring him to be the owner of the land and entitled to possession. On February 5, 1921, Betsy Taylor commenced action to vacate that judgment in ejectment, which action she dismissed without prejudice on January 22, 1923.

In the action at bar, plaintiffs in error, as plaintiffs below, in their amended petition filed October 1, 1926, alleged that on October 15, 1916, plaintiff and her husband borrowed $600 from Mayhue and that they executed the deed and contract heretofore mentioned to secure payment therefor; that they never surrendered possession of the premises until in June, 1921, when defendant secured possession by process of law. That "said instruments were intended to and did constitute a defeasance and a mortgage to secure the payment of said $600, and that the title to said above-described land is now and always has been in the plaintiff, Betsy Taylor, subject to the said mortgage above mentioned," and that a tender was made.

Defendant below answered, admitting execution of the deed and contract; set out that he had derived his title through Mayhue, pleaded the judgment in ejectment dated January 7, 1920, alleged the same to be based upon the deed and contract, and averred that he obtained possession under said judgment. He also pleaded the action of 1921, by plaintiff, to vacate the judgment in ejectment, and alleged no further action was taken by plaintiff until the filing of the instant action in 1926, which, he concluded, barred plaintiff, under the statute of limitation, in the failure to file further action within year after the dismissal.

The plaintiffs replied and alleged the premises to be a homestead; that they resided upon the same as such until wrongfully ousted by the judgment in ejectment. That said loss of possession was wrongful in that the Constitution limited loss of homestead rights under a mortgage to foreclose and inhibited the same under actions in ejectment; wherefore, plaintiff concluded, the judgment in ejectment was void. That the same was void for (1) fraud, (2) that the pretended title of defendant was derived from one not in possession, and (3) in violation of the champerty statutes, and (4) based upon a confession of plaintiff's petition.

The trial court sustained defendant's motion for judgment on the pleadings and dismissed plaintiffs' petition, from whence this appeal comes.

To support the one assignment of error that the trial court erred in rendering judgment upon the pleadings, plaintiffs contend on appeal:

(1) That the deed and contract of March, 1916, constituted a mortgage.

(2) That the judgment of January, 1920, is void and not a bar to this action, (a) because the homestead cannot be divested by such a judgment, (b) because based on a confession of truth of plaintiff's petition in violation of section 467, C. O. S. 1921, requiring establishment of allegations of a petition in actions for recovery of real property, (c) for fraud and concealment by plaintiff in failure to detail muniments of title in the petition as required by section 467, and by failure to thereby reveal violations of the champerty statute (section 1678 et seq., C. O. S. 1921).

In considering the several propositions our analysis renders that question of whether the deed and contract of March, 1916, was in fact a mortgage immaterial. Undoubtedly the allegation contained in the petition in the case at bar that the instruments were intended to be and did constitute a defeasance and mortgage, would, if unaccompanied by other matter, admit of parol testimony to prove the real intention of the parties.

A deed absolute on its face, given as security for a debt and so received, will be held to be a mortgage. Weiseham v. Hocker, 7 Okla. 250, 54 Pac. 464; Balduff v. Griswald, 9 Okla. 438, 60 Pac. 223; Worley v. Carter, 30 Okla. 642, 121 Pac. 669; Voris v. Robbins, 52 Okla. 671, 153 Pac. 120; Hall v. Russell, 72 Okla. 47, 178 Pac. 679; McKean v. McLeod, 81 Okla. 77, 196 Pac. 935; Rosebaugh v. Jacobs, 83 Okla. 211, 201 Pac. 245; Renas v. Green, 98 Okla. 169, 212 Pac. 755; Kinch v. Pierson, 97 Okla. 109, 223 Pac. 144; Orton v. C. S. Bank, 99 Okla. 80, 225 Pac. 899; Section 5253, C. O. S. 1921; Biendorf v. Thorp, 90 Okla. 191, 203 Pac. 475; Penney v. Walters, 121 Okla. 280, 249 Pac. 736.

The Biendorf Case states in the syllabus the rule that:

"Where, at the time of the execution of a deed, the grantor and grantee enter into a separate written contract under the terms of which the grantee agrees upon the payment of the consideration named in the deed with interest within a specified time to reconvey the lands to the grantor, the transaction is presumptively a mortgage."

The circumstances surrounding the transac-

tion govern. Voris v. Robbins, 52 Okla. 671, 153 Pac. 120, which, as an exception to the general rule relative to varying the terms of a written instrument by parol evidence, admits of such evidence, including the value of the land in comparison to the alleged loan in consideration of which the deed was delivered. The factum of a debt, personal in its nature and enforceable independent of the alleged security, is usually the decisive factor in such cases.

In the event the judgment presented had measured the contract alone by the terms thereof, we would not hesitate to reverse it, for the allegations of the petition must be taken as true in considering the motion by defendant for judgment on the pleadings. Cardin Bldg. Co. v. Smith, 125 Okla. 300, 258 Pac. 910; Worley v. Carter, 30 Okla. 642, 121 Pac. 669; Hall v. Russell, 72 Okla. 47, 178 Pac. 679. But there remain other matters presented in the pleadings, which we hold are decisive of the issue. Those matters are the judgment in ejectment and the abortive action to vacate it on the ground of fraud, affirmatively pleaded as a defense, not only undenied by plaintiffs in their reply, but specifically admitted and sought to be avoided by reason of a plea involving homestead rights. The judgment roll in the ejectment judgment is not before us; only the judgment itself is here, attached to the amended answer of defendants. That judgment is as follows:

"State of Oklahoma, County of Seminole, ss. In the District Court Thereof. J. B. Campbell, Plaintiff v. Betsy Winton, now Betsy Taylor, Henson Taylor, and Isaah Winton, Defendants.

"Journal Entry.

"Now on this the 7th day of Jan. 1920, being one of the regular court days of the January, 1920, term of said court, court being in session this cause coming on to be heard in its regular order; the plaintiff appearing in person; and by his attorney Thos. O. Griswell, and the defendants Betsy Winton, now Betsy Taylor, Henson Taylor and Isaah Winton, and each of them having been three times called in open court to appear except, demur, plead or answer, to the petition of the plaintiff herein; came not, but each of them makes default, and the court having ordered that said defendants and each of them are in default and having ordered that the allegations in plaintiff's petition be taken as confessed; and it appearing to the court that said defendants and each of them have been duly notified more than 20 days prior to this date, of the pendency of this action as required by law, by being personally served with a summons issued out of this court, and the court having heard all the evidence and the oral testimony of witnesses sworn and examined in open court; and being fully advised in the premises; and on consideration thereof; finds that all the averments of plaintiff's petition are true as therein set forth.

"That J. D. Campbell is the owner of the legal estate in fee simple and the equitable estate in and to the following described real estate, towit: The southwest quarter (¼) of the northeast quarter (¼) and the north (½) of the northeast quarter, of the northeast quarter (¼) of sec. twenty (20) township nine (9) north and range seven (7) east in Seminole county, Okla.

"That the said defendants Betsy Winton, now Betsy Taylor, Henson Taylor, and Isaah Winton, or any person claiming through by or under them is not entitled to the possession of said land; but that the plaintiff, J. D. Campbell, is entitled to the immediate possession of said land as above described.

"It is therefore ordered, considered, adjudged and decreed by the court that the defendants Betsy Winton, now Betsy Taylor, Henson Taylor, and Isaah Winton, or either of them or any persons claiming through, by or under them are entitled to possession of said land, and it is further adjudged by the court that the plaintiff, J. D. Campbell, have and recover judgment for the possession of said land and his cost from the defendants.

"J. W. Bolen, Judge of the District Court."

That judgment does not disclose the existence of a homestead right wrongfully taken in an ejectment action.

In section 2, art. 12, Constitution, it is stated as the basic law that:

"Provided, nothing in this article shall prohibit any person from mortgaging his homestead, the spouse, if any, joining therein; nor prevent the sale thereof on foreclosure to satisfy any such mortgage"

—thus relaxing to the extent stated the inhibition against forced sale and subjecting the homestead to foreclosure and sale in satisfaction of a proper mortgage.

However, the homestead right is a personal one, and may be waived and will be presumed to have been waived in the litigation terminating in the judgment in ejectment, supra. It was waived by failure of defendants to appear and plead it.

The plaintiffs contend that judgment is void for the reason the subject-matter was in fact a homestead; being so, it was subject to foreclosure, but not to a judgment in ejectment. If the land constituted a homestead, the burden was upon plaintiffs herein to disclose that fact as defendants

in the ejectment action. Their failure therein forever estops them. We are not concerned with the correctness of the judgment. Com'rs of Taxing Dist. v. Loague, 129 U. S. 493, 32 L. Ed. 780:

"Res judicata may render straight that which is crooked, and black that which is white." (Chief Justice Fuller speaking.)

See, also, the case of Southern Pacific Ry. Co. v. U. S., 168 U. S. 1, 42 L. Ed. 355, wherein it is said:

"This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for the aid of judicial tribunals would not be invoked for the vindication of rights of person and property, if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue and actually determined by them."

It was the duty of plaintiff in the ejectment action "to set forth in detail the facts relied upon to establish his claim, and to attach to his petition, copies of all deeds or other evidences of title, as in actions upon written contracts; and he must establish the allegations of his petition whether answer be filed or not," as provided by section 467, C. O. S. 1921.

We must presume that proper averments were contained in the petition of plaintiff in the ejectment action. That presumption eliminates the contention as to the homestead rights and as to champerty.

The judgment in ejectment was and is a bar to plaintiffs' cause of action. The court in that judgment found that "J. D. Campbell is the owner of the legal estate in fee simple and the equitable estate in and to the following described real estate, to wit: (description) * * * That the plaintiff J. D. Campbell is entitled to the immediate possession of said land above described."

Freeman on Judgments (5th Ed.) vol. 2, secs. 866, 877, pp. 1830-1832, recites:

"Primarily an action of ejectment or its equivalent or substitute action under the statute or Code is possessory in its nature. It may, however, and frequently does, become the means of trying title, since either party may base his right to possession entirely upon some claim of title. * *.* Where title was alleged by either party as the basis of his right to possession the judgment becomes res judicata to the extent that an adjudication of it was essential to the judg-

ment, but not otherwise. Wehle v. Price, (Cal.) 260 Pac. 878. * * * Where both title and right of possession are in issue and determined, the judgment is conclusive as to both. Title is put in issue by an allegation of ownership in fee simple." Avery v. Sup. Ct., 57 Cal. 247.

Herein the title is presumed to be put in issue by force of statute, without a particular explanation to the contrary, and it is established by reason of the express words contained in the judgment rendered.

In Byers v. Neal, 43 Cal. 210, it was declared that "a judgment for plaintiff in ejectment, when the title has been brought directly in issue, concludes the defendant against setting up in a subsequent proceeding any mere legal defense which he might have made in such suit." Parnell v. Hahn, 61 Cal. 131; Philbrook v. Newman, 148 Cal. 172, 82 Pac. 772; Price v. Sixth District (Cal.) 258 Pac. 387.

The plaintiffs now say in their brief:

"There are further allegations of fraud upon the part of defendant in error in procuring the sheriff to make a return showing service upon the plaintiff in error, when as a matter of fact no such service was made. The pleading under this count was certainly sufficient to require the overruling of the motion for a judgment upon the pleadings, but plaintiffs in error do not desire to rest their case upon this issue on account of the difficulty of overcoming the presumption of the truthfulness of the officer's return. We, therefore, urge for a reversal only the three grounds above mentioned."

There is no reference in the brief of plaintiff in error to the defense pleaded by defendant that in cause No. 4076, Betsy Taylor, as plaintiff, commenced on February 5, 1921, in the district court of Seminole county, an action to vacate the judgment in ejectment, on the ground of fraud; that the petition was subsequently dismissed and that plaintiff failed to commence a new action one year after dismissal as required by section 190, C. O. S. 1921. Netiher is that alleged affirmative defense mentioned in the reply of plaintiff, so it is to be presumed that fraud is wholly eliminated from the matter at bar by (1) the failure to reply, denying generally or specifically to the defense alleged in the new matter contained in defendant's answer, or to allege a defense to it or to demur thereto as provided by section 281, C. O. S. 1921, and (2) by specific abandonment of the ground of fraud on appeal. Baker v. Van Ness & Co., 25 Okla. 34, 105 Pac. 660; Border v. Carrabine, 24 Okla. 609, 104 Pac. 906.

In the case at bar defendant Campbell mov-

ed to strike portions of the reply pleading homestead rights and allegations of fraud and irregularities in reference to cause No. 4076, supra.

However, in view of abandonment of fraud, above recited, and in view of the elimination of homestead rights claimed under the Constitution, by reason of the judgment in ejectment we find no need to pass upon whether a defense to the plea of res judicata and statute of limitations was sufficiently pleaded in the reply of plaintiff, if, indeed, we have not already passed upon it.

There remains but one contention. Plaintiffs urge the judgment in ejectment is void under section 467, C. O. S. 1921, because based on confession. They cite that part of the judgment:

"And the court having ordered that said defendants and each of them are in default and having ordered that the allegations in the plaintiff's petition be taken as confessed."

The answer is that another part of the judgment recites:

"And the court having heard all the evidence and oral testimony of witnesses sworn and examined in open court; and being fully advised in the premises; and on consideration thereof, finds that all the averments of plaintiff's petition are true as therein set forth."

So we conclude that judgment, as required by law, was based upon evidence sustaining the averments of plaintiff's petition, We must accept as a fact that in compliance with section 467, C. O. S. 1921, plaintiff in said cause established the allegations of his petition, for such is the recital of the judgment. We treat as surplusage that part of the judgment ordering the allegations of plaintiff's' petition to be taken as confessed.

MASON, C. J., LESTER, V. C. J., and CLARK, HEFNER, CULLISON, and ANDREWS, JJ., concur.

HUNT and SWINDALL, JJ., absent, not participating.

Note.—See under (2) anno. L. R. A. 1916B, 193; 19 R. C. L. p. 263; 3 R. C. L. Supp. p. 927; 4 R. C. L. Supp. p. 1263; 5 R. C. L. Supp. p. 1031. See "Ejectment," 19 C. J. §116, p. 1111, n. 22. "Judgments," 34 C. J. §1232, p. 813, n. 66; §1332, p. 927, n. 96. "Mortgages," 41 C. J. §64, 310, n. 64; §118, p. 350, n. 39.