**ROXOLINE PETROLEUM CO. v. CRAIG et al.**

No. 19557. Opinion Filed April 21, 1931.

Rehearing Denied June 30, 1931.

E. E. Blake, J. S. Estes, and A. K. Little, for plaintiff in error.

M. A. Dennis and Gilder & Rose, for defendants in error.

ANDREWS, J. M. E. Craig and C. O. Craig procured a general judgment against the J. G. & O. Drilling & Leasing Company and caused a general execution to be issued thereon to the sheriff of Okmulgee county commanding him to satisfy the amount of the judgment from the goods, chattels, lands, or tenements of the J. G. & O. Drilling & Leasing Company. The sheriff levied the execution on an undivided one-half interest in the land involved in this action, caused the land to be appraised, advertised the same for sale and sold the same to M. E. Craig and C. O. Craig. The sale was confirmed and he executed and delivered to them a sheriff's deed to the land in question. During all that time the Roxoline Petroleum Company, plaintiff in error, hereinafter referred to as plaintiff, was in the actual, open, notorious, and undisputed possession of the land under claim of ownership. It knew nothing of the purported sale until after the confirmation thereof and the issuance and delivery of the deed. Thereupon it instituted a suit in the superior court of Okmulgee county against the defendants in error, hereinafter referred to as defendants, to quiet its title to the real estate and it alleged that it was the legal and absolute owner in fee simple and in the actual, open, exclusive, and adverse possession thereof; that it deraigned its title thereto by mesne conveyances from the Creek or Muskogee Tribe of Indians; and that the defendants' claim consisted of some title, estate, or interest in the land adverse to the absolute title of the plaintiff, the nature of which was as hereinbefore set forth. After the execution and delivery of the sheriff's deed the defendants M. E. Craig and C. O. Craig conveyed a one-fourth interest in the land to the defendant M. A. Dennis. The Texas Company, the defendant in the lower court, is depositing the royalty in a bank and that company is not interested in the outcome of this litigation.

The defendants filed a motion for judgment on the pleadings, and the trial court sustained that motion and rendered judgment in favor of the defendants.

We have therefore only one question, which is whether or not the defendants were entitled to judgment on the pleadings in this cause. In determining that question, we must apply the rule applicable thereto announced and followed in this state. That rule, as recently stated in Taylor v. Camp-

bell, 139 Okla. 110, 281 Pac. 243, is as follows:

"A motion for judgment on the pleadings is in the nature of a demurrer. It is governed by the rules applicable to a demurrer and admits of every material fact properly stated in the pleadings. A motion for judgment on the pleadings presents two questions to the court in the following order: (1) Is there any issue of material fact? And if no issue of material fact is presented by the pleading, (2) which party is entitled to the judgment? In determining the second question, it is immaterial which party presents the motion, but on the first question the moving party is at this disadvantage. He is deemed not only to admit, for the purposes of the motion, the truth of each fact well pleaded, but to admit the untruth of his own allegations which have been denied, and his adversary's pleadings will be construed so as to admit every reasonable intendment in favor of the sufficiency thereof. Thus, the answer to the first question, and, therefore, whether or not the court reaches the second question, may depend somewhat upon which party makes the motion."

See, also, Geck v. Security State Bank, 133 Okla. 67, 271 Pac. 152; Smith v. Hughes, 135 Okla. 296, 275 Pac. 628; Simmons v. Howard, 136 Okla. 118, 276 Pac. 718; Taylor v. Phillips, 136 Okla. 283, 277 Pac. 923; Thomas v. Bank of Commerce, 133 Okla. 46, 271 Pac. 233; Good v. Nat. Bank, 88 Okla. 110, 211 Pac. 1051; Hill v. Bucy, 95 Okla. 275, 219 Pac. 124; Bd. of Education v. Broadwell, 117 Okla. 1, 245 Pac. 60; Mires v. Hogan, 79 Okla. 233, 192 Pac. 811; Qualls v. Merchants Bank, 88 Okla. 150, 212 Pac. 308.

Were there allegations in the petition and the reply of the plaintiff of facts sufficient to warrant recovery by the plaintiff? If so, those facts were admitted by the defendants by their motion for judgment on the pleadings and their allegations which had been denied were thereby either withdrawn or admitted by them to be untrue. The plaintiff's pleadings must be construed so as to admit every reasonable intendment in favor of the sufficiency thereof.

Measured by that rule we find that the plaintiff alleged ownership of the property in question, peaceable possession thereof, and that the defendants claimed an interest therein adverse to the plaintiff which was a cloud on the title to the plaintiff. Such a petition, under the provisions of section 466, C. O. S. 1921, is sufficient. Hurst v. Hannah, 107 Okla. 3, 229 Pac. 163; Ziska v. Avey, 36 Okla. 405, 122 Pac. 722; Turner v. McNeal, 118 Okla. 238, 247 Pac. 39.

There was error of the trial court in sustaining the motion for judgment on the pleadings, and for that error the cause must be reversed.

The defendants attempt to justify their claim of title by the decision of this court in Roxoline Petroleum Co. v. Wilson, 123 Okla. 241, 253 Pac. 59. They contend that therein the plaintiff was adjudicated to have no interest in the real estate and that that judgment is res adjudicata. There is nothing in that case to support that contention. Neither these defendants nor the J. G. & O. Drilling & Leasing Company, through which these defendants claim title, were parties to that litigation. These defendants do not claim title through any party to that litigation. The litigation there was between Wilson, a creditor of the J. G. & O. Drilling & Leasing Company, Talbert, a grantee of the J. G. & O. Drilling & Leasing Company, and the Roxoline Petroleum Company, who claimed the title to the land. Wilson contended that his judgment against the J. G. & O. Drilling & Leasing Company should be satisfied from the land, notwithstanding the legal title had passed from the J. G. & O. Drilling & Leasing Company. The trial court found that the J. G. & O. Drilling & Leasing Company had an interest in the land that could be applied to the satisfaction of the claim of Wilson, and this court ordered that interest so applied. The amount of the interest of the J. G. & O. Drilling & Leasing Company was not determined either by the trial court or by this court. So far as this record shows there has been no determination of the amount of that interest. The fact that Wilson was permitted to recover in that case can in no wise be construed as a determination of the right of these defendants to recover. There is neither identity of parties nor subject-matter, both of which are necessary to establish res adjudicata. Schneider v. Republic Supply Co., 123 Okla. 98, 252 Pac. 45. When the court held that Wilson's judgment lien should be satisfied from the land, notwithstanding the conveyance from the J. G. & O. Drilling & Leasing Company to Talbert, that did not operate to revest the title to the land in the J. G. & O. Drilling & Leasing Company. Phoenix Ins. Co. of Hartford v. First Nat. Bank, 129 Okla. 204, 264 Pac. 142; Apple v. Bridgman, 122 Okla. 196, 253 Pac. 1002. Although the transfer was fraudulent and void as to Wilson, it was valid between the parties. Notwithstanding the opinion in the Wilson Case, the legal title to this land was either in Talbert or the plaintiff herein at the time of the levying of the execution on the judgment in favor of the two creditors herein. If at that time the J. G. & O. Drilling

& Leasing Company had any right, either legal or equitable, to the property in question, the sheriff of Okmulgee county was authorized, under the decision of this court in Maxwell v. Gillespey, 116 Okla. 68, 243 Pac. 497, to levy thereon and sell the same, and the same passed by deed to the purchaser thereof. The existence and the amount of that interest, however, must be shown by competent evidence and proof thereof may not be dispensed with by showing that some other creditor was permitted to recover his claim out of the property at some other date. The fact that the plaintiff had no interest in the property, if that was a fact, at the time of the trial of the Wilson Case cannot be taken as proof that it had no interest at the time of the trial herein. This cause must be tried on the facts as they appear in this cause.

This cause is reversed and remanded to the superior court of Okmulgee county, with directions to vacate its judgment and to proceed with the trial of the issues presented in accordance herewith.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.