## ALLEN v. FIRST NATIONAL BANK & TRUST CO.

No. 23060.   Nov. 13, 1934.

Rehearing Denied Dec. 11, 1934.

**4**

Louis W. Pratt, for plaintiff in error.

Gotwals, Gibson, Killey & Gibson, for defendant in error.

PER CURIAM. Defendant in error filed suit against plaintiff in error on a promissory note executed by the Holcomb Oil Company and indorsed by plaintiff in error and others. For convenience, the parties will be designated as plaintiff and defendant, as they appeared in the trial court.

The petition alleges the corporate existence of plaintiff, the execution and delivery of a note on the 18th day of February, 1931, by the Holcomb Oil Company in the amount of $24,500, attaching a copy of said note with all indorsements thereon to the petition; that said note became due and payable on the 20th day of March, 1931, with interest at the rate of 10 per cent. per annum after maturity, and 10 per cent. of the entire amount for attorneys' fees if not paid at maturity, and placed in the hands of an attorney for collection; that at the time of the execution and delivery of said note to plaintiff and the lending of said money to the Holcomb Oil Company, the defendant Allen indorsed said promissory note binding himself to pay the same at maturity; that plaintiff was the owner and holder of said note; that the indebtedness was long past due except payments on the principal amounting to $550; that interest had been paid on said note to July 18, 1931. To this petition the defendant in due time filed his verified answer. In due time after the filing of the verified answer plaintiff filed motion for judgment on pleadings. After motion for judgment on the pleadings was filed, defendant obtained permission and leave of court to file an amended answer, which amended answer, first, generally and specifically denies each and every allegation of said petition except such as are hereinafter specifically admitted, then specifically admits the corporate existence of plaintiff, the execution and delivery of the note as alleged in plaintiff's petition, that the defendant indorsed said note; and then alleges the date of the maturity of said note to be as appears in the copy attached to plaintiff's petition on March 30, 1931, which was extended by the payment of interest from time to July 18, 1931; that defendant was an accommodation indorser, or surety, which fact was known to plaintiff at the time, that Lon Holcomb individually, president of said company, was a prior indorser on said note; that prior to July 18, 1931, plaintiff demanded of defendant additional security; that the maker of said note was solvent and had property sufficient at that time to adequately secure said note; that defendant had an agreement with plaintiff that plaintiff would procure security from the maker of said note, Holcomb Oil Company, and indorse the same for the benefit of plaintiff and defendant; that defendant was the holder of a note in the principal amount of $3,500, by the Service Oil & Gasoline Company dated December 17, 1928, and indorsed by said Holcomb Oil Company; that defendant agreed to assign said note to plaintiff as additional collateral for the payment of the note in suit; whereupon plaintiff agreed to procure from the Holcomb Oil Company mortgage security to cover the note held by plaintiff and defendant; that plaintiff did procure such mortgage security from Holcomb Oil Company, but had said mortgage executed to the defendant without the knowledge or consent of the defendant and had said mortgage filed; that plaintiff entered into a conspiracy with the president of Holcomb Oil Company and his attorney to protect said company, maker of said note in suit, from litigation, by advising and consenting to the bringing of an action in the district court in which Lon Holcomb is plaintiff and Holcomb Oil Company is defendant, for the appointment of a receiver for the purpose of sequestering the property of said company and rendered the mortgage procured ineffectual; that by the failure of plaintiff to proceed against the maker of said note after due demand by defendant, defendant is exonerated from liability as indorser on said note; that plaintiff fraudulently and maliciously conspired with Holcomb Oil Company to deprive defendant of his rights. After the filing of said amended petition, plaintiff's motion for judgment on pleadings was heard and by the trial court sustained. The defendant excepted to the action of the court in sustaining plaintiff's motion, and also moved that judgment be rendered for defendant. The defendant has prosecuted an appeal to this court and insists that the trial court not only erred in rendering judgment for plaintiff, but judgment should be entered for defendant.

Defendant presents two specifications of error in his brief, which are:

"(1) The trial court erred in sustaining plaintiff's motion for judgment on the pleading and in denying defendant's motion for judgment on the pleading and rendering final judgment for plaintiff against the defendant."

"(2) Said court erred in denying plaintiff in error's motion to make additional parties defendant and to require enforcement of mortgage securing the note in suit."

We feel that the disposal of the first specification of error presented will render consideration of the second specification unnecessary in this proceeding. We have, therefore, only one question, which is whether or not the plaintiff was entitled to judgment on the pleadings in this cause. In determining that question, we must apply the rule applicable thereto, announced and followed in this state. That rule, as recently stated in Roxoline Petroleum Co. v. Craig, 150 Okla. 148, 300 P. 620, is:

"1. Pleading—Judgment on Pleadings— Effect of Motion. A motion for judgment on the pleadings is in the nature of a demurrer. It is governed by the rules applicable to a demurrer and admits of every material fact properly stated in the pleadings. A motion for judgment on the pleadings presents two questions to the court in the following order: (1) Is there any issue of material fact? And if no issue of material fact is presented by the pleading, (2) which party is entitled to the judgment? In determining the second question it is immaterial which party presents the motion, but on the first question the moving party is at this disadvantage. He is deemed not only to admit, for the purposes of the motion, the truth of each fact well pleaded, but to admit the untruth of his own allegations which have been denied, and his adversary's pleadings will be construed so as to admit every reasonable intendment in favor of the sufficiency thereof. Thus, the answer to the first question, and, therefore, whether or not the court reaches the second question may depend somewhat upon which party makes the motion."

See, also, Taylor v. Campbell, 139 Okla. 110, 281 P. 243; Geck v. Security State Bank, 133 Okla. 67, 271 P. 152; Smith v. Hughes, 135 Okla. 296, 275 P. 628; Simmons v. Howard, 136 Okla. 118, 276 P. 718; Taylor v. Phillips, 136 Okla. 283, 277 P. 923; Thomas v. Bank of Commerce, 133 Okla. 46, 271 P. 233; Good v. Nat. Bank, 88 Okla. 110, 211 P. 1051; Hill v. Bucy, 95 Okla. 275, 219 P. 124; Bd. of Education v. Broadwell, 117 Okla. 1, 245 P. 60; Mires v. Hogan, 79 Okla. 233, 192 P. 811; Qualls v. Merchants Bank, 88 Okla. 150, 212 P. 308.

Were the allegations in defendant's answer sufficient to state a defense? If the allegations were sufficient to state a defense, they were admitted by the plaintiff by its motion for judgment on the pleadings, and their allegations which had been denied were thereby either withdrawn or admitted by them to be untrue. The defendant's answer must be construed so as to admit every reasonable intendment in favor of the sufficiency thereof. Measured by that rule, we find that defendant alleged an agreement entered into between plaintiff and defendant that plaintiff would procure mortgage security from the Holcomb Oil Company, maker of said note, and enforce the same for the benefit of plaintiff and defendant. If defendant assigned the note held by him in the amount of $3,500, executed by the Service Oil & Gasoline Company, and indorsed by the Holcomb Oil Company, in consideration of plaintiff procuring mortgage security and enforcing same for the benefit of plaintiff and defendant, the consideration is sufficient to support a new agreement which if true would materially alter the original liability of defendant.

Section 9632, of O. S. 1931, provides:

"A surety may require his creditor to proceed against the principal, or to pursue any other remedy in his power which the surety cannot himself pursue, and which would lighten his burden; and if in such case the creditor neglects to do so, the surety is exonerated to the extent to which he is thereby prejudiced."

If the surety can compel the creditor to proceed against the principal upon certain conditions, he would certainly have the right to contract with the creditor to proceed against the principal if such contract is supported by a consideration. Also, defendant alleges a conspiracy entered into between plaintiff and the principal on said note to deprive defendant of his rights.

Section 9630, O. S. 1931, provides:

"A surety is exonerated:

"First. In like manner with a guarantor.

"Second. To the extent to which he is prejudiced by any act of the creditor which would naturally prove injurious to the remedies of the surety or inconsistent with his rights, or which lessens his security; or

"Third. To the extent to which he is prejudiced by an omission of the creditor to do anything, when required by the surety, which it is his duty to do."

Under this section of the statutes it is plain that the principal may act to the prejudice or in a way that is injurious to the

remedies of the surety. The allegations of conspiracy in defendant's answer stand admitted for the purpose of plaintiff's motion for judgment on pleading.

This cause must be tried on the issues as they appear from the pleadings.

There was error of the trial court in sustaining the motion for judgment on the pleadings, and for that reason this cause is reversed and remanded to the district court of Muskogee county, with directions to vacate its judgment and to proceed with the trial of the issues presented in accordance herewith.

The Supreme Court acknowledges the aid of Attorneys Richard L. Wheatley, C. B. Holtzendorff, and T. L. Marteney in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. Wheatley and approved by Mr. Holtzendorff and Mr. Marteney, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion, as modified, was adopted.