## KINSEY v. TOWNSEND.

No. 27329. June 22, 1937.

Rehearing Denied July 13, 1937.

M. A. Dennis, for plaintiff in error.

Wellington L. Merwine, for defendant in error.

CORN, J. This is an appeal from a judgment rendered in the district court of Okmulgee county. The parties will be referred to as in the trial court.

The plaintiff filed a divorce action against Guy Odus Townsend, her husband, and the court granted a decree, alimony, and attorney fees. April 17, 1933, that court issued a citation for Guy Townsend commanding him to appear and show cause why he should not be adjudged guilty of contempt. On January 24, 1934, the jury returned a verdict and the court a finding and order remanding him to the custody of the sheriff until he complied with the order of the court. From this order Guy Odus appealed to the Supreme Court, which court affirmed the findings and order of the trial court.

Plaintiff alleged that the defendant and J. S. Townsend executed a supersedeas bond for Guy Townsend to stay the execution of the trial court's order, pending the appeal; the conditions of the bond being that should the appeal be affirmed, they would then pay the plaintiff the alimony due, or the principal would surrender himself to the sheriff for the carrying out of the court's judgment. Her petition alleged that nothing had ever been paid, and asked judgment on the bond against the defendant, D. W. Kinsey.

The defendant filed a separate answer wherein he admitted signing the bond, but stated that the bond provided: .

"That said above-named principal shall prosecute his appeal to a final conclusion, and said appeal be affirmed, that they will pay to Ada Townsend the sum of alimony then due and all costs, or that said principal will surrender himself to the sheriff of Okmulgee county, Oklahoma, for carrying out the court's judgment."

The defendant alleged that he had fully complied with the obligation because, upon issuance of the mandate from the Supreme Court, Guy Townsend immediately surrendered to the sheriff, pursuant to the condition in the bond and was placed in jail, and that for this reason he was discharged from the bond.

February 5, 1936, the plaintiff filed a motion for judgment on the pleadings. The trial court sustained said motion on February 8, 1936, and rendered judgment for the plaintiff as prayed for. From this judgment the defendant appeals, contending that the trial court committed error in sustaining the plaintiff's motion for judgment on the pleadings and rendering judgment against the defendant for $500 and costs. The sole question presented is whether the trial court erred in sustaining the plaintiff's motion for judgment on the pleadings.

The bond upon which the plaintiff brought this action provided:

"That they will pay to Ada Townsend the sum of alimony then due and all costs, or that the principal will surrender himself to the sheriff of Okmulgee county, for the carrying out of the court's judgment."

Although this was in substance a supersedeas bond, the thing for which the bond was made was such as to make the bond an appeal bond in effect. The provisions of the bond, as set out above, were of such a nature as to make clear the real purpose of the bond. It was given to provide for a certain thing, namely, to make it possible for Guy Townsend to perfect his appeal. By its provisions there was an alternative stated: that either they would pay Ada Townsend, or that the principal would surrender himself to the sheriff and comply with the order of the court.

A general statement of the law in regard to this point is found in 9 C. J. 68, where it is said:

"Where the conditions of the bond are in the alternative, unless the election is given to the obligee, the performance of any one of the conditions releases the obligor, who may elect which alternative shall be complied with."

And in this state the rule has been announced in the case of Douglas et al. v. Cutlip, 118 Okla. 21, 246 P. 392:

"As a general rule in an action upon a contract, such as an appeal bond, whatever, either at law, or by the rules of equity to which courts of law can give effect, operates to discharge or extinguish the claim upon the contract, or bond, is a defense thereto."

This court has reaffirmed the rule laid down in the Douglas Case, supra, in Burnham v. Edwards, 125 Okla. 272, 257 P. 788, where this court cited the Douglas Case with approval, and in commenting said:

"This doctrine is founded upon the well-known equitable principle that relief inconsistent with the equities of the adverse party will be denied."

If the alternative conditions of the bond were valid and binding, and if the bond could be satisfied by performance of either of the alternative conditions, then it is apparent that D. W. Kinsey was absolved from liability under the bond when the principal, Guy Odus Townsend, performed one of the conditions, namely, when he surrendered himself to the custody of the sheriff after the case had been affirmed.

The court's ruling under which this case arose came when the trial court sustained the plaintiff's motion for judgment on the pleadings. The general rule seems to be that a motion for judgment on the pleadings is in the nature of a demurrer; that it is in nature and substance a demurrer: it is like a demurrer in that it attacks the sufficiency of the pleadings, and like a motion because, at the same time, it is an application addressed to the trial court for an order for judgment.

Such has been announced as the rule in this state in the case of Thomas v. Bank of Commerce et al., 133 Okla. 46, 271 P. 233:

"A motion for judgment upon the pleadings is in the nature of a demurrer. It is in substance both a motion and a demurrer. It is a demurrer for the reason that it attacks the sufficiency of the pleadings; and it is a motion for the reason that it is an application for an order for judgment. Like a demurrer it admits the truth of all well-pleaded facts in the pleadings of the opposing party. It may be carried back and sustained against a prior pleading of the party making the motion, and the court will consider the whole record and give judgment for the party who, on the whole, appears entitled to it."

While the rule has been announced as

being that on a motion for judgment on the pleadings by the plaintiff, judgment can be rendered for the plaintiff when the answer is not responsive to the complaint, this would not be applicable in the present case, for the reason that the defendant answered by an allegation of defense to the bond sued upon. When the plaintiff filed the motion for judgment on the pleadings, she admitted, as in a demurrer, the truth of the allegation, and the allegations being taken as true, there was no liability on the part of the defendant for the reason that the obligation had been discharged by performance of one of the alternative conditions of the bond.

The judgment of the trial court is therefore reversed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, GIBSON, and HURST, JJ., concur. RILEY and BUSBY, JJ., absent.