Keith MAYFIELD, Administrator of the Estate of Donald Nicholas Mayfield, Deceased, Plaintiff in Error,

v.

L. V. FRENCH TRUCK SERVICE, INC., a corporation, and Insurors Indemnity and Insurance Company, Defendants in Error.

No. 39253.

Supreme Court of Oklahoma.

Nov. 14, 1961.

**462**

Leon J. York, Robert M. Murphy, Stillwater, for plaintiff in error.

Foliart, Hunt & Shepherd, Oklahoma City, for defendants in error.

WELCH, Justice.

This action was filed by Keith Mayfield, administrator of the estate of Donald Nicholas Mayfield, deceased, as plaintiff, March 16, 1959, in the district court of Pottawatomie County, Oklahoma.

Defendants pleaded in their answer an alleged former judgment granted by the Superior Court of Garfield County, Oklahoma, on April 8, 1957, in favor of plaintiff here and Christine Mayfield, parents and next of kin of Donald Nicholas Mayfield against the defendant L. V. French, d/b/a L. V. French Truck Service, and Lawrence Ray Rolette.

Exhibits attached to defendants' answer purport to show by certified copies or certified copy of judgment roll that on April 8, 1957, plaintiff joined by his wife, as parents and next of kin of Donald Nicholas Mayfield, deceased, filed a petition in the Superior Court of Garfield County against this same defendant seeking to recover $560 funeral expense and $15 for other damages for the wrongful death of their son; that on the same day the defendant filed its entry of appearance and general denial and on the same day a journal entry of judgment was entered in favor of plaintiffs there for $575, and on the same day the plaintiffs there as parents received that sum and released and satisfied the judgment.

In reply to this answer in this action the plaintiff alleged in effect that the purported civil action and judgment in the Superior Court of Garfield County was wholly fictitious; that he did not participate in it in any manner nor authorize or consent that any one should do so for him; that he had no knowledge of any such civil action or judgment and that such purported judgment was a nullity and was void.

In this state of the pleadings the trial court sustained defendants' motion for judgment on the pleadings.

It is argued by the defendants that the pleading set forth in the reply constitutes a collateral attack upon a judgment in a different court and therefore should fail. In support of this argument many cases are cited which hold that a judgment valid on its face is not subject to attack in collateral proceedings, and that any question of jurisdiction of the court for lack of jurisdiction over the person, where judgment recites that it had jurisdiction of the person, may not be raised in a collateral proceeding. We do not disagree with the rule established in the cases cited by defendants in their brief. These authorities follow the rule where one is relying on the invalidity of a judgment but not where the validity of the judgment is relied upon as a defense to a stated cause of action. Therefore we do not consider those cases applicable to the facts here presented.

It is further contended by defendants that plaintiff's only method of questioning the alleged Superior Court judgment is as provided under 12 O.S.1951 § 1031. Weimer v. Augustana Pension and Aid Fund, 179 Okl. 572, 67 P.2d 436, is cited as authority therefor. We agree that this is the proper rule where one seeks to vacate a judgment. However, herein the plaintiff is not seeking to vacate the judgment of the Superior Court. It is the defendants who are relying on the judgment and its validity for their defense to this action and they are the parties who have brought it before this Court. Therefore this rule of law is not applicable here.

█ Where a defendant by answer pleads and relies for a defense upon a judgment which, if valid, would be a defense against the plaintiff's cause of ac-

tion, plaintiff has a right by reply to challenge the validity of that judgment, and the proceedings under which it was obtained, and to plead that it is void. Where he does this, it is the duty of the court to inquire into that judgment and the proceedings by which it was obtained. St. Louis-San Francisco Ry. Co. v. Bayne, 170 Okl. 542, 40 P.2d 1104.

■ The jurisdiction of any court exercising authority over any subject may be inquired into in every other court when the proceedings of the former are relied on and brought before the latter by a party claiming the benefit of such proceeding. Roberts v. Whiteman, 51 Okl. 731, 152 P. 378; Sharp v. Sharp, 65 Okl. 76, 166 P. 175, L.R.A.1917F, 562; Southern Pine Lumber Co. v. Ward, 16 Okl. 131, 85 P. 459.

■ Therefore, we must now consider the effect of the motion for judgment on the pleadings. We have heretofore treated such motion in the nature of a demurrer. Like a demurrer, it admits the truth of all well pleaded facts in the pleadings of the opposing party and admits the untruth of his own allegations which have been denied. Said motion should be construed to admit every reasonable intendment in favor of the sufficiency of the pleadings of the opposite party. Thomas v. Bank of Commerce, 133 Okl. 46, 271 P. 233; Roxoline Petroleum Co. v. Craig, 150 Okl. 148, 300 P. 620, and Kinsey v. Townsend, 180 Okl. 466, 70 P.2d 92.

■■ For the purpose of ruling on said motion the trial court was bound to consider the pleadings as to the lack of jurisdiction of the Superior Court by plaintiff in his reply as true, as well as other pleadings by plaintiff. In so doing we are of the opinion that a cause of action was pleaded by plaintiff against defendant. Upon trial of this cause the plaintiff may or may not be able to substantiate the facts alleged in his pleadings. However, here we are dealing only with the effect of the alleged facts as stated in the pleadings as to his

rights to recover. We are of the opinion he should not be denied the opportunity to substantiate the facts alleged by competent evidence.

If it is true, as alleged in plaintiff's reply and as stands admitted by defendants' motion for judgment on the pleadings, that the civil action in Superior Court was wholly fictitious, without any authorization or consent of plaintiff and without his knowledge and that he did not participate therein in any manner or authorize anyone to do so for him or on his behalf, then surely the purported judgment rendered in that action could not stand as a bar to this action.

The judgment of the trial court herein is therefore reversed and the cause is remanded with directions to the trial court to overrule defendants' motion for judgment on the pleadings and proceed with the cause.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.