## AMERADA PETROLEUM CORP. v. MELTON.

No. 17356.   Opinion Filed Sept. 10, 1929.

Rehearing Denied Oct. 29, 1929.

Victor C. Mieher, Walter L. Kimmel, and Bond & Bond, for plaintiff in error.

Womack, Brown & Cund, for defendant in error.

CLARK, J. This cause presents error from the district court of Stephens county, Okla., wherein plaintiff in error was defendant, and defendant in error was plaintiff. For convenience parties will be referred to as they appeared in the trial court.

Plaintiff alleged in his petition that he was the owner of an oil and gas lease in Stephens county, describing the same. That he assigned said lease to the defendant for a consideration of $1 and one-eighth of all the oil and gas produced and sold off said premises. Plaintiff further alleged that defendant had entered upon said lease and produced oil thereon; that defendant had sold and conveyed said oil to the Choate Oil Corporation as evidenced by a written contract. Said contract was attached to plaintiff's petition.

Plaintiff further alleged that his proportionate share of one-eighth of the oil as sold and conveyed by defendant was the value of $8,375, and prayed judgment for said sum.

Defendant answered; admitted that it was operating said lease under the assignment as alleged in plaintiff's petition; admitted that plaintiff owned an undivided one-eighth royalty interest in the lease; admitted that it had entered into the original contract with the Choate Oil Corporation and by its terms that the defendant should deliver to the Choate Oil Corporation 1,500 barrels of crude oil per day from said oil and gas mining lease for a period of four months. Defendant answered, further, that in May, 1921, and before any oil was run from said oil and gas mining lease under said contract, plaintiff, Ben F. Melton, executed a division order which was delivered to and accepted by the Choate Oil Corporation. Said division order shows the respective interest of the parties in said oil and gas mining lease and provides by its terms that the Choate Oil Corporation shall pay directly to all persons having an interest in said oil and gas mining lease in proportion to their respective interests as shown by said division order at

the same market price posted by the Prairie Oil & Gas Company for the same kind and quality of oil on the some day that said oil purchased in pursuance of said division order is delivered; settlement to be made for the oil purchased semi-monthly by mailing or delivery to the persons from whom such oil is purchased, their heirs, assigns, or legal representatives, by bank check or draft. Defendant, further answering, states that in pursuance of said contract and said division order, it delivered to the Choate Oil Corporation from said oil and gas mining lease 47,159.99 barrels of crude oil and received payment for 35,369.18 barrels of crude oil, same being the number of barrels corresponding to the proportionate interest of the defendant in said oil and gas mining lease, which was shown to be the interest of this defendant by the division order executed by the plaintiff. Defendant specifically denied that it received any money from the Choate Oil Corporation, Noco Petroleum Corporation, or from anyone else in payment for oil run from said oil and gas mining lease belonging to the plaintiff or any other royalty owner, and that when it delivered said oil to said Choate Oil Corporation it relied upon the provisions of said contract and said division order, and believing the plaintiff should and would collect the money due him from oil runs from said oil and gas mining lease from the Choate Oil Corporation.

Defendant answered, further, that the division order above referred to was executed on the part of the plaintiff with full knowledge of all the facts and circumstances surrounding the transfer of said oil to Choate Oil Corporation, and that plaintiff is hereby estopped from maintaining this action against the defendant.

Plaintiff filed his reply, in which he denied each and every allegation contained in defendant's answer except such allegations as are admitted. By further reply plaintiff says that if a contract was entered into May 10, 1921, between the Amerada Petroleum Corporation and the Choate Oil Corporation as alleged and set forth in said answer of said defendant, Amerada Petroleum Corporation, then the plaintiff is not a party to such contract, had nothing to do with the making of said contract, and was not consulted about it and is not bound thereby.

Issues thus joined, cause came on for trial before the court without intervention of a jury. The court, after hearing the testimony, found for the plaintiff in the sum of $8,375, plus interest, and costs. Defendant filed its

motion for new trial; in due time brought the cause here for review.

The record discloses that plaintiff, being the owner of a lease from one J. A. Blaydes and wife, who were the owners of the real estate, assigned the same on the 12th day of April, 1920, to the defendant, which assignment contained the following provision:

"Now, therefore, in consideration of the sum of $1, in hand paid, and one-eighth of all oil and gas produced and sold off these premises, the receipt of which is hereby acknowledged, the undersigned, the present owner of the said lease and all rights thereunder or incident thereto, does hereby bargain, sell, transfer, assign and convey unto Amerada Petroleum Corporation, all of the right, title and interest of the original lessee and present owner in and to said lease and rights thereunder in so far as it covers the land above described, together with all personal property used or obtained in connection therewith to the Amerada Petroleum Corporation, and its heirs, successors and assigns."

Under this assignment the Amerada Petroleum Corporation went into possession and drilled several wells on the premises and produced oil therefrom. On May 10th, the Amerada Petroleum Corporation made a contract with the Choate Oil Corporation, agreeing to sell to the said Choate Oil Corporation 1500 barrels of oil per day for a period of four months, which contract contains the following provision:

"Second party agrees to make all royalty payments direct to royalty owners on the same dates and for the same periods provided above, in payments to first party; all in accordance with division orders to be signed by first party and royalty owners."

This contract was made on the 10th day of May, 1921, and did not attempt to sell or convey any oil except that belonging to the Amerada Petroleum Corporation. The record further discloses that in May, 1921, before any oil was run under said contract by the Amerada to the Choate Oil Corporation, the following division order and contract was executed by plaintiff:

"Division Order.

"May 1921.

"Choate Oil Corporation.

"The undersigned, certify and guarantee that they are the legal owners of all wells Nos. 1 and up on the J. A. Blaydes Farm, located in northeast quarter of northeast quarter of section 32, township 1 south, range 8 west, Stephens county, state of Oklahoma, including the royalty interest and until further notice you will give credit for oil received from said wells as per directions below:

| "Credit to | Division of Interest | Post Office Address |
|---|---|---|
| "Amerada Petroleum Corporation, | 72-96 WkInt. | Box 2022 Tulsa, Okla. |
| "W. F. Daiber, | 1/96 Roy. Int. | Ardmore, Okla. |
| "Ben F. Melton, | 12/96 Carried Int. | Duncan, Okla |
| "J. R. Dexter, | 3/96 Int. Roy. | Ardmore, Okla. |
| "P. C. Dings, | 1/96 Roy Int. | Ardmore, Okla. |
| "F. E. Tucker, | 3/96 Roy. Int. | Ardmore, Okla. |
| "T. W. Champion, | 2/96 Roy. Int. | Ardmore, Okla. |
| "J. B. Champion, | 2/96 Int. Roy. | Ardmore, Okla. |

"Tank Nos.

Choate Oil Corporation is hereby authorized, until further notice to receive from said parties severally in the proportions named, subject to the following conditions:

"First: The oil run to any pipe line for transportation in pursuance of this division order shall become and be the property of Choate Oil Corporation as soon as the delivery thereof to the pipe line of Lawton Refining Co. for account of said Choate Oil Corp. shall have been completed.

"Second: The oil, purchased and received in pursuance of this division order shall be delivered F. O. B. the pipe lines of Lawton Refining Company and shall be paid for to the well owners or their assigns in proportion to their respective interests shown above at the market price paid by the Prairie Oil & Gas Company for the same kind and quality of oil on the same day that said oil, purchased in pursuance of this division order, is delivered as aforesaid. Settlement therefor shall be made semi-monthly by mailing or delivery to the person from whom such oil is so purchased, their heirs, assigns, or legal representatives on or before the 20th day of each month, a bank check or draft for the amount due on account of oil so purchased during the first fifteen days of the month, for all oil so purchased and delivered after the fifteenth day of the preceding month. Pipe line grades and measurements to govern and control in all settlements.

"Third: Choate Oil Corporation shall deduct three per cent. from all oil received from wells into the pipe lines for its account on account of dirt and sediment, and in addition, shall deduct one-twentieth of one per cent. for each degree of artificial heat above normal temperature to which said oil shall have been subjected, and oil shall be steamed when necessary to render it merchantable.

"Fourth: It is understood and agreed in case of adverse claim of title to land from which any such oil may be produced, or adverse claim of title of any oil sold and purchased of this division order, Choate Oil Corporation, may retain the purchase price of such oil until such adverse claim is fully settled and determined, or until the party or parties claiming to be owners thereof shall furnish satisfactory indemnity. Choate

Oil Corporation pay ten cents premium for four months from May 10, 1921.

"Witness: Amerada Petroleum Corporation

"By John M. Lovejoy,
"B. F. Melton,
"F. E. Tucker,
..J. R. Dexter,
"P. O. Dings,
"T. W. Champion,
"J. B. Champion."

The record further discloses that the plaintiff was never paid for his proportionate share of oil delivered to the Choate Oil Corporation under said contract and division order, and that the Choate Oil Corporation at the time this suit was filed was bankrupt and insolvent and could not be made respondent to plaintiff's claim. The defendant contends that the oil was delivered to the Choate Oil Corporation as directed by plaintiff in said division order, supra, and under the terms and conditions specified therein.

Plaintiff alleged in his petition that he had not executed a contract, but admitted in the trial of said cause that he signed and executed the division order, supra.

Several cases are cited by plaintiff in error to support its contention that defendant in error is estopped from maintaining this action, none of which are in point.

If this court or any other court has had this particular question before it for consideration, such case has not been called to our attention. Under the assignment the plaintiff was entitled to one-eighth of the oil and gas produced on said lease, or the value thereof if sold off of said lease. The execution of the division order was not novation. It was not a contract that superseded the assignment. It was a direction to the defendant by plaintiff as to how, when, and where his one-eighth oil should be delivered. When accepted by the Choate Oil Corporation it was a contract of sale complete within itself for the sale of plaintiff's one-eighth of oil to the Choate Oil Corporation. It provided when and where the oil should be delivered, the price, the date of payment and that the payment should be made direct to plaintiff. It provided all the terms and conditions of the sale between plaintiff and the Choate Oil Corporation.

Choate Oil Corporation having accepted the oil under the division order signed by plaintiff, it became a complete contract of sale; the defendant could not have maintained an action against the Choate Oil Corporation for this one-eighth oil sold it by the plaintiff. Plaintiff's contract with the Choate Oil Corporation for the sale and delivery of his proportionate share of the oil gave plaintiff a right of action against the Choate Oil Corporation for the oil so delivered. The defendant, the Amerada Petroleum Corporation, having signed the division order and being bound by the terms thereof, could not have maintained an action against the Choate Oil Corporation for plaintiff's proportionate share of the oil. No one but plaintiff could have maintained this action. Had plaintiff not executed the division order and defendant had sold the oil, plaintiff would have a right of action against defendant for his proportionate share and defendant could have been made to respond.

It is urged that no consideration for the division order passed between plaintiff and defendant. This is true. Plaintiff having accepted his oil and sold it by valid written contract to the Choate Oil Corporation, and the same having been delivered under his directions as directed by the division order, supra, the mere fact that his vendee becomes bankrupt would not permit him to recover for the oil he had received and so sold. It is true the oil was not delivered physically to plaintiff, but it was delivered to the plaintiff's vendee in accordance with a written division order which was binding on plaintiff and on defendant. Having executed said contract or division order, and defendant having delivered said oil as directed and instructed in said division order so executed by plaintiff, and all parties having acted on said division order and contract, the plaintiff cannot recover for oil that was delivered by his assignee as per his directions.

We are of the opinion that the trial court was in error in entering judgment for plaintiff. The cause is therefore reversed and remanded, with directions to set aside the judgment in favor of plaintiff as against Amerada Petroleum Corporation, and enter judgment for defendant, Amerada Petroleum Corporation.

MASON, C. J., LESTER, V. C. J., and HUNT, RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.