**HOUSTON LIGHTING & POWER CO. et al. v. LIBERTY PIPE LINE CO. et al. (DANIEL, DABNEY & TRAMMELL, Interveners).**

No. 9912.

Court of Civil Appeals of Texas. Galveston.
Dec. 22, 1933.

Rehearing Denied Feb. 8, 1934.

Plea to Jurisdiction and Correction Granted March 8, 1934.

Baker, Botts, Andrews & Wharton, of Houston, Sam W. Davis, of Conroe, Floyd Jones, of Breckenridge, and W. M. Ryan, of Houston, for appellants.

Vinson, Elkins, Sweeton & Weems and Thos. Fletcher, all of Houston, for appellees F. L. Thomson, R. R. Lewis, and United States Fidelity & Guaranty Co.

H. F. Montgomery, of Houston, for appellee Liberty Pipe Line Co.

GRAVES, Justice.

This cause was tried below upon this agreed statement of facts, only formal and immaterial deletions having been made:

"1. Transfer order addressed to Liberty Pipe Line Company, Houston, Texas, executed in favor of Dr. F. L. Thomson, San Antonio, Texas, effective as of August 1, 1929, signed by Rexal Petroleum Corporation, * * * attached hereto, Marked Exhibit A.

"2. Division order in favor of Liberty Pipe Line Company, executed by Rexal Petroleum Corporation by Dr. F. L. Thomson, President, and F. L. Thomson, individually, the effective date of said division order being July 7, 1929, at seven A. M., and it is agreed that no further division orders were secured but that this was the only division order and was the effective division order on the properties involved, in this suit at the time the various transfer orders involved herein were executed and delivered. * * * This division order is marked Exhibit B and attached hereto. * * *

"3. Transfer order addressed to Liberty Pipe Line Company, effective at seven A. M. September 1, 1930, executed by F. L. Thomson in favor of Rexal Petroleum Corporation

* * * Copy of this transfer order is marked Exhibit C and attached hereto. * * *

"4. Transfer order addressed to Liberty Pipe Line Company, Houston, Texas, executed by Rexal Petroleum Corporation by W. R. Perot, President, attested by Mike Keury, Secretary, under the seal of the Corporation in favor of Elvin Tilton, effective at 7:05 A. M. September 1, 1930. * * * Copy of this transfer order is attached hereto, marked Exhibit D.

"5. Assignment in favor of plaintiff, Houston Lighting & Power Company, as follows, to-wit:

"Dec. 20, 1930.
"Liberty Pipe Line Co. * * *

"You are therefore hereby authorized to deduct from the payment for oil run and purchased by your company for the month of December, 1930, from the Rexall Petroleum Corporation properties at Barbers Hill, the amount of $1341.91 (Thirteen Hundred Forty-One Dollars and ninety-one cents) and to pay the same direct to said Houston Lighting & Power Co., when said payment is due and payable.

"The oil runs from said properties stand in the name of Elvin Tilton and are so carried on your records. * * * Elvin Tilton.

"6. Assignment in favor of Daniel, Dabney, & Trammell, Interveners, as follows, to-wit:

"December 23, 1930.
"Liberty Pipe Line Company: * * *

"In order to secure the above firm, I am hereby authorizing the Liberty Pipe Line Company to make payment direct to Daniel, Dabney & Trammell in the amount of $197.-04, out of oil runs for the month of December, 1930, from the Rexall Petroleum Corporation properties at Barbers Hill, which runs are standing in my name. * * * Elvin Tilton.

"7. Notice of revocation executed by Dr. F. L. Thomson addressed to Liberty Pipe Line Company, as follows: * * * December 29th 1930. ―――― The undersigned has heretofore transferred to Rexal Petroleum Corporation, all working interest production accruing to and from the following described properties, situated in Chambers County, Texas; (descriptions omitted). * * *

"The transfer order directed to you covering the above mentioned transfer, provides: 'Payments to be made as herein directed until Liberty Pipe Line Company is otherwise

served with notice in writing by F. L. Thomson.'

"In accordance with the above provision, you are now notified to make no further payments to Rexal Petroleum Corporation under said transfer order, from and after the receipt hereof, and you will please make all such further payments to the undersigned, or his order. * * *

"8. Dr. F. L. Thomson now disclaims any right, title, interest, claim, or ownership in and to the sum of One Hundred Seventy-one Dollars and Fifty Cents (171.50), * * * representing proceeds of oil runs for the month of September, 1930, the runs for which month were irrevocably assigned by Dr. F. L. Thomson to the Rexal Petroleum Corporation in accordance with transfer order set out in Paragraph 3 hereinabove.

"9. Letter from Elvin Tilton, addressed to Liberty Pipe Line Company as follows: * * *

"Jan. 5, 1931.

"This letter will also serve to advise you and notify you to make no payments for the oil runs from the Rexal Petroleum Corporation properties to anyone other than myself. * * *

"It is agreed that this letter is introduced solely for the purpose of showing notice by the said Elvin Tilton, to the defendant, Liberty Pipe Line Company, that the said Tilton claimed the proceeds for oil runs for the month of December 1930.

"10. It is agreed that at the date of the execution of the transfer order in favor of Dr. Thomson, set out in Paragraph One, Rexal Petroleum Corporation was the owner of the oil runs in question and was at that time indebted to Dr. Thomson and still continues to be indebted to Dr. Thomson.

"It is further agreed that at the date of the execution of the transfer order in favor of Elvin Tilton, set out in Paragraph Four, Rexal Petroleum Corporation was indebted to the said Elvin Tilton and continued to be indebted to the said Elvin Tilton through the month of December, 1930.

"11. It is agreed that the assignments in favor of Houston Lighting & Power Company, and Daniel, Dabney & Trammell, together with the revocation of Dr. F. L. Thomson, set out in Paragraphs Nos. Five, Six and Seven, were received by Liberty Pipe Line Company upon the date of the execution of each of such instruments or in the due course of mail.

"12. * * *

"13. It is agreed that oil was run into the lines of Liberty Pipe Line Company during the month of December, 1930, of the total value of $2,134.83, of which amount $1,828.40, represents the value of the oil run up to and including the 30th day of December, 1930, the date upon which the notice of revocation by F. L. Thomson set forth in paragraph 7 was received by Liberty Pipe Line Company. * * *

"It is agreed that the $1,828.40, representing the value of the oil run prior to the receipt of the notice of revocation of F. L. Thomson is the amount or value involved in this litigation and that of such sum of $1,828.40, Liberty Pipe Line Company has withheld and tendered into the registry of the court by its answer the sum of $1,538.95, which represents money withheld by the Liberty Pipe Line Company equal in amount to the assignment in favor of Houston Lighting & Power Company, set forth in paragraph 5 of this agreement and the assignment in favor of Daniel, Dabney & Trammell, interveners, set forth in paragraph 6 above, which moneys were withheld by Liberty Pipe Line Company in view of conflicting claims of parties to this suit and tendered into court through its answer herein, and that the balance of such sum in the amount of $289.45, was paid by Liberty Pipe Line Company to Dr. F. L. Thomson after the filing of the revocation order by Dr. F. L. Thomson to Liberty Pipe Line Company as set forth in paragraph 7 above and before the filing of this suit, and upon the delivery by the said F. L. Thomson of the indemnity bond, copy of which is marked Exhibit 'E' attached hereto and hereof made a part in all of its terms, words, figures and conditions. * * *

"14. It is further agreed that in addition to the moneys set forth in paragraph 13 above there is likewise involved in this lawsuit the sum of $171.50, being the proceeds from oil runs for the month of September, 1930, as to which Dr. F. L. Thomson has disclaimed as in paragraph 8 above, and it is agreed that such moneys shall be adjudged to the party whom the court finds is entitled thereto.

"15. It is further agreed that the following letters * * * are introduced with respect to the issue as between the defendant Elvin Tilton and the defendant Liberty Pipe Line Company with respect to whether said Liberty Pipe Line Company stands in the position of a Stakeholder and is entitled to attorneys' fees, etc., as upon a bill of interpleader;

"Letter from Liberty Pipe Line Company to Mr. Elvin Tilton as follows: * * *

"January 2, 1931

"* * * Please be advised that we cannot comply with request contained in your letter of December 20th last. It will be necessary for us to adhere strictly with the terms of the division orders, transfer orders, and other instruments on file with us, and for that reason we do not care to assume any accounting responsibilities or other duties not in accordance with instructions in the division orders.

"We have been served with notice by Dr. F. L. Thomson of San Antonio, to make no further payments to the Rexal Petroleum Corporation or its assigns for oil run from those certain tracts covered by transfer order dated September 1, 1930, and this is to advise you that in accordance with this transfer order we will be compelled to hold up all payments due for oil run from these properties until an agreement has been reached between the parties interested. * * *

"Letter from Liberty Pipe Line Company to Dr. F. L. Thomson, as follows: * * *

"January 2, 1930.

"* * * This will acknowledge receipt of your letter of December 29th last, relative oil runs on those certain tracts of land in the Henry Griffith League, Chambers County, Texas, now operated by the Rexal Petroleum Corporation; * * *

"In accordance with your request, we will make no further payments to the Rexal Petroleum Corporation or its assigns until proper transfer order executed by the interested parties has been filed with us. * * *

"Letter from Liberty Pipe Line Company to Mr. Elvin Tilton, as follows: * * *

"Jan. 8, 1931.

"* * * In answer to your letter of the 5th relative my letter, of the 2nd as to oil payments on properties operated by Rexal Petroleum Corporation for oil run to our line, I regret very much to state that the transfer orders now on file in my office are not so worded as to permit me to release oil accruing to the interest claimed by yourself until proper agreement has been signed and filed with me by the parties who claim such oil payments. * * *

"Letter from Rexal Petroleum Corporation to Liberty Pipe Line Company, as follows: * * *

"February 2, 1931.

"* * * With regard to all proceeds of Pipe Line Runs now held by you, accruing from the properties of the undersigned in Chambers County, Texas, you are hereby advised that the same have been released by the undersigned to Dr. F. L. Thomson, and you are hereby authorized to make payment of all such proceeds now held by you to Dr. Thomson. * * *

"Exhibit A

"Transfer Order

"To Liberty Pipe Line Company, Houston, Texas:

"* * * Effective at 1 o'clock August 1st, 1929, you are hereby requested to give credit for all oil received on account of said working interest so transferred, and to account for the proceeds thereof as follows:

| Credit To | Division of Interest |
|---|---|
| Dr. F. L. Thomson, San Antonio, Texas. | All of the production accruing to the working interest as shown on original Division Order covering above described property, amounting to $80,000.00. Payments shall be made as herein directed until proper notice, in writing, to Liberty Pipe Line Company, at its offices at Houston, Texas. |

"Rexal Petroleum Corporation * * *

"Exhibit B

"Division Orders

"To Liberty Pipe Line Company, Houston, Texas:

"* * * Liberty Pipe Line Company is hereby authorized, until further notice, to receive oil in purchase from said wells from said parties severally, in the proportions named, subject to the following conditions:

"(1) The oil run in pursuance of this division order shall become the property of Liberty Pipe Line Company as soon as the same is received into its pipe lines.

"(2) The oil received in pursuance of this division order shall be paid for to the party or parties entitled thereto, according to the division of interest shown above, at the price for each day's receipts posted on that day by the major pipe line companies, for the same kind and quality of oil in the field in which it is received. Barbers Hill posted price to govern. Settlements therefor shall be made monthly. Payment shall be made on or before the tenth day of the succeeding month. These payments are to be made in checks of Liberty Pipe Line Company to be mailed or delivered to the parties thereto entitled. * * *

"Rexal Petroleum Corporation. * * *

"Exhibit C

"Transfer Order

"To Liberty Pipe Line Company, Houston, Texas:

" * * * Effective at 7 A. M. o'clock September 1st, 1930, you are hereby requested to give credit for all oil received on account of said interest so transferred, and to account for the proceeds thereof as follows:

| Credit To | Division of Interest |
|---|---|
| Rexal Petroleum Production | All working interest production accruing to Lessee in above tracts payments to be made as herein directed until Liberty Pipe Line Company is otherwise served with notice in writing by F. L. Thomson. This order is irrevocable for September 1930 and Oct. 1930 oil. |

"Rexal Petroleum Corporation * * *

"Exhibit D

"Transfer Order

"To Liberty Pipe Line Company, Houston, Texas:

" * * * Effective at 7:05 A. M. o'clock September 1st, 1930, you are hereby requested to give credit for all oil received on account of said interest so transferred, and to account for the proceeds thereof as follows:

| Credit To | Division of Interest |
|---|---|
| Mr. Elvin Tilton | All working interest production accruing to Lessee in above tracts. Payments to be made as herein directed until Liberty Pipe Line Company is otherwise served with notice in writing by parties executing this transfer order, or by F. L. Thomson. |

"Rexall Petroleum Corporation. * * *"

The trial court decreed that F. L. Thomson recover the sums in controversy, save and except the item of $171.50, which was adjudged to Tilton, that Thomson's sureties on the bond, Ralph R. Lewis and United States Fidelity & Guaranty Company, be discharged from liability, and that Liberty Pipe Line Company recover an attorney's fee of $100 out of the funds in court, all costs being taxed against Houston Lighting & Power Company, Daniel, Dabney & Trammell, and Elvin Tilton.

No appeal having been taken by any party from the adjudication of the $171.50 item to Tilton, which accordingly became final, this court affirms so much of the judgment otherwise as held the pipe line company to be a stakeholder, hence entitled to recover the attorney's fee of $100, and reverses that part of it in favor of Thomson and his sureties, here determining that several recoveries be had against them in favor of the lighting company for $1,341.91, Daniel, Dabney & Trammell for $197.04, and Tilton for $289.45, together with 6 per cent. per annum interest from January 10 of 1931 to this date, respectively.

■ As is apparent from the quoted stipulations, the bone of controversy between appellants on the one hand and appellee Thomson upon the other is as to which side owns the $1,828.40 value of the oil resulting from the "working interest production" taken from the leasehold involved from December 1, 1930, to the date of Thomson's copied revocation on the 29th of that month; the other question as to whether the pipe line company was entitled to the $100 attorney's fee is merely a subsidiary one.

The learned trial court, in determining that the stated sum belonged to Thomson, apparently did so upon the theory that the recitation in Thomson's transfer order to Rexal, " * * * payments to be made as herein directed until Liberty Pipeline Company is otherwise served with notice in writing by F. L. Thomson," left in Thomson the right to take away from Tilton not only the "working interest production," but as well all money due Tilton for oil that had been produced and sold and not actually paid for before Thomson's revocation of the quoted from transfer order became effective; in other words, that he thereby reserved in himself the privilege of gathering the fruit of Tilton's operation and sale of oil from the lease for the entire period of 29 days between the 1st and 29th of December, because, forsooth, payment therefor had not been made to him by the latter date, pursuant to the option he had given the pipe line company in purchasing it from day to day that it need not be paid for until on or before the 10th of the following month. This court is unable to so construe that provision in Thomson's transfer order; especially, in view of the fact that there also appeared therein immediately preceding it this further provision: "Effective at seven o'clock a. m., September 1, 1930, you are hereby requested to give credit for all oil received on account of

said interest so transferred and to account for the proceeds thereof as follows."

In our opinion it is plain from the terms of the division order under which, during all this period, the oil had been produced by Tilton, that he had also contemporaneously sold and delivered it, day by day, to the pipe line company as a completed transaction, and that the mere option to the latter to make payment therefor "on or before the 10th day of the succeeding month" made it none the less so; all Tilton had left after each such delivery was a claim for money against the purchaser, which it might at any time before but did not have to pay until the specified day of the next month. The Supreme Court of Oklahoma, in Amerada v. Melton, 139 Okl. 119, 281 P. 591, so construed a division order not in legal effect different from this one. Thomson's revocation on the 29th of that month reinvested title to the "working interest production" in him from and after that date, but it could not reach back and take from Tilton what had prior thereto been his —hence of right sold and delivered by him— nor the uncollected value thereof; he and his assignees—the other appellants—had borne the brunt and stood the expense of producing, severing, selling, and delivering this oil while the exclusive right to do all that was in him, wherefore the appellee Thomson could only in turn reacquire what had been Tilton's until his tenure was so cut off.

As concerns the attorney's fee allowed the pipe line company, the trial court was clearly right; as was there found, the facts indisputably show that it lived up to the sometimes difficult role of a stakeholder—the division order having expressly authorized it to relieve itself from liability for oil so purchased until the dispute had been settled, or a satisfactory indemnity bond had been furnished, which latter had been done before it paid out any of the proceeds held; so also was the failure to tender the other small funds into court contemporaneously satisfactorily explained; it was therefore entitled to protection. Nixon v. Malone, 100 Tex. 250, 98 S. W. 380, 99 S. W. 403; Beilharz et al. v. Illingsworth et al., 62 Tex. Civ. App. 647, 132 S. W. 106; Pulkrabeck v. Griffith & Griffith (Tex. Civ. App.) 179 S. W. 282; Seamans Oil Co. v. Guy (Tex. Civ. App.) 239 S. W. 696; Farmers' State Bank & Trust Co. v. Guy (Tex. Civ. App.) 278 S. W. 1118; Finn v. Metropolitan Life Ins. Co. et al. (Tex. Civ. App.) 16 S.W.(2d) 922; Comer v. Farrell et al. (Tex. Civ. App.) 48 S.W.(2d) 452.

Further discussion being deemed unnecessary, judgment will enter affirming in part and in part reversing and rendering that of the court below.

Affirmed in part, reversed and rendered in part.

### On Correction of Original Judgment and Opinion.

On former and separate days of this term the motion for rehearing of appellee F. L. Thomson was refused, and the plea to the jurisdiction of this court in behalf of United States Fidelity & Guaranty Company and R. R. Lewis—as sureties on his bond in the trial court—was sustained, upon the ground that judgment below had been in favor of these two sureties with cancellation of their bond, and that no appeal from that determination in their favor had been taken by any party to the cause below, wherefore, the trial court's judgment as to them had become final; the consideration of these subsequent presentments has brought to light the fact that our original judgment and opinion in favor of appellants, by inadvertence, ran not only against the appellee Thomson but against these two sureties upon his bond also; that judgment and opinion are accordingly now so corrected as to eliminate therefrom any recovery—or recitation thereof—as against such sureties.