## SECREST v. SECREST et al.

No. 19884. Opinion Filed July 1, 1930.

Rehearing Denied Dec. 23, 1930.

Watts & Broaddus, for plaintiff in error.

Newton & Pinson and E. L. Kirby, for defendants in error.

HERR, C. James F. Secrest was nominated as executor without bond under the will of his father, Henry Secrest. The will was executed December 14, 1926; testator died November 19, 1927; and Lelia Secrest, wife of testator, who had possession of the will, filed her petition for probate of the same January 12, 1928, requesting the appointment of James F. Secrest as executor. Shortly thereafter she filed a supplemental petition praying that she be appointed administratrix, and at the same time filed a protest against the appointment of James F. Secrest as executor, in which protest she was joined by all the heirs at law of deceased.

The ground of her protest was that James

F. Secrest failed to petition for the probate of the will and for letters testamentary within 30 days after the death of the testator, as provided by section 1136, C. O. S. 1921. The county court found in her favor; appointed her administratrix; and held that James F. Secrest had forfeited his right to appointment as executor under the terms of the will. James F. Secrest appealed to the district court.

The sole issue in the county court was whether appellant had forfeited his right to appointment as executor by reason of his failure to comply with section 1136, supra. After appeal was lodged in the district court, appellee, Mrs. Secrest, amended her petition, charging appellant with lack of integrity, and in that court relied on the same as additional ground of protest against the appointment of James F. Secrest as executor. The district court found that James F. Secrest had not forfeited his right to the appointment as executor; but further found that the evidence sufficiently established lack of integrity to preclude his acting as sole executor under the will, but not to prevent his acting as joint administrator with Mrs. Secrest, and entered judgment appointing both as joint administrators of the estate of deceased, requiring each to enter into a $100,000 bond. To reverse this judgment, James F. Secrest appeals to this court.

It is contended by appellant that the district court was without jurisdiction to permit the pleadings to be amended on appeal, charging him with lack of integrity, thus injecting new and additional issues into the case; and was without authority to enter judgment appointing him and appellee, Mrs. Secrest. joint administrators. With these contentions we are inclined to agree. The jurisdiction of the district court was appellate only. It could only try on appeal such issues as were presented and tried in the county court. It was without jurisdiction to permit the pleadings to be amended so as to inject new issues. It had no original jurisdiction to appoint an administrator. It should have caused such judgment to be entered as the county court should have rendered on the issues presented and tried in that court. The trial on appeal was, of course, de novo. Additional evidence might have been introduced if pertinent to the issues as raised in the county court, but it was without authority to permit the pleadings to be amended injecting new issues into the case and hear evidence on such issues.

In the case of Parker v. Lewis, 45 Okla. 807, 147 Pac. 310, this court holds:

"Where, in a contest in the county court for the appointment of a guardian for a minor under 14 years of age, the petitioner and the child's father, the only living parent, appear, and the latter asks that his father (the child's paternal grandfather) be appointed, and the court appoints the former, from which order an appeal is taken to the district court, where the father is permitted to file an amended protest against the stranger's appointment, and asks that he be appointed, but in the event the court should consider it for the child's best interest that his father (the child's grandfather) be appointed, the district court, being without jurisdiction to appoint a guardian, commits no error in refusing to appoint the father.

"The father, having waived his right to appointment in the county court, could not by amendment in the district court confer upon the latter court jurisdiction to try issues not before the county court.

"In the trial of appeals from the county court in probate matters, while the cause is tried de novo in the district court, the latter court has only the power to render such judgment or make such order as the county court should have made."

In the case of Talomase v. Kelly, 98 Okla. 212, 225 Pac. 156, it is said:

"The district court has no original jurisdiction of the settlement of guardianship accounts, but has appellate jurisdiction only; and where an appeal is taken to the district court from the orders of the county court in guardianship matters, new items of account offered in the district court by way of amendment to the report of the guardian cannot be considered."

Appellant's integrity was not assailed in the county court by either pleadings or evidence, and under the authorities above cited, the district court on appeal had no authority or jurisdiction to permit such issues to be injected into the case. Nor did it have jurisdiction, on such appeal, to appoint appellant and appellee, Mrs. Secrest, joint administrators.

Appellees contend that the finding of the trial court that appellant has not waived his right to letters testamentary should not be permitted to stand, and in this connection it is argued by them that the trial court did not intend, unqualifiedly, so to find. In answer to this contention, it is sufficient to say that the journal entry of judgment contains a specific finding to this effect. We must, therefore, presume that the court intended so to find, and, in our opinion, no

other finding could be justified under the record.

As before stated, it is the contention of appellees that the appellant, having failed to comply with section 1136, waived his right to appointment as executor. Said section provides as follows:

"If the person named in a will as executor, for 30 days after he has knowledge of the death of the testator, and that he is named executor, fails to petition the proper court for the probate of the will, and that letters testamentary be issued to him, he may be held to have renounced his right to letters, and the court may appoint any other competent person administrator, unless good cause for delay is shown."

The evidence discloses that appellant had no knowledge of the existence of the will in question until within a few days of the time it was offered for probate (it was at said time in the possession of his mother, Mrs. Secrest, one of the appellees herein); that Mrs. Secrest petitioned for its probate and in said petition prayed for the appointment of appellant as executor. Appellant appeared in open court and agreed to accept the appointment. When appellees changed front and filed a protest against the appointment of appellant, he appeared in open court with counsel and contested the protest proceedings, and at said time again announced his willingness and desire to accept the appointment and qualify as executor. From an adverse judgment of the district court, he appeals to this court.

In these circumstances, we are clearly of the opinion that appellant has shown good cause for delay and waived no rights he may have under the will.

The evidence establishes that appellant expressed some doubt that the will in question was the last will of deceased, and at the hearing on the probate thereof he appeared with counsel and cross-examined witnesses appearing to establish the execution of the will and in this manner offered some opposition to the probate thereof. Counsel for appellees argue that this conduct on the part of appellant constituted a waiver of his right to letters testamentary under the will. We cannot agree with this contention. In the case of In re John S. Maxwell, 3 N. J. Eq. 611, it is said:

"Filing a caveat against the probate of a will by one of the executors named therein, is not an implied renunciation of the executorship; and if the will be admitted to probate, letters testamentary may be granted to such executor."

In Taylor v. Tibbatt, 13 B. Mon. (Ky.) 177, it is said:

"When one named executor qualifies as administrator, he may, upon proof of the will, qualify as executor—the act of qualifying as administrator was no renunciation of his right to qualify as executor. (W'ms on Ex'rs, 148.)"

In the last cited case, the executor named in the will appeared in opposition to the probate thereof. Probate was denied and he was appointed administrator. The will was thereafter, on appeal, admitted to probate, and the Kentucky court held that he did not forfeit his right to be appointed executor after the will was admitted to probate by reason of having appeared in opposition to the will.

To the same effect is the case of Gaither v. Gaither, 23 Ga. 521, in which case, as in the case at bar, the executor expressed a willingness and desire to qualify in the event the will was admitted to probate.

Judgment should be reversed and the cause remanded to the district court of Wagoner county, with directions to remand the same to the county court of said county for further proceedings not inconsistent with the views herein expressed.

BENNETT, TEEHEE, HALL, EAGLETON, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.