## TURNER v. TURNER et al.

No. 21242. Opinion Filed Sept. 13, 1932.

R. W. Stoutz, for plaintiff in error.

Breckinridge & Bostick, for defendants in error.

CULLISON, J. Fred E. Turner, as plaintiff, instituted suit against Clarence W. Turner and Tookah B. Turner seeking to quiet his title to certain valuable property located in Muskogee, Okla., against certain claims of defendants.

In plaintiff's second cause of action he sought to recover a money judgment from defendants because of their acts in placing of record a certain deed touching the property under consideration, which said property belonged to plaintiff.

Defendants answered by denial and the case was tried to the court without a jury. The court rendered judgment for plaintiff upon his first cause of action, quieting plaintiff's title in and to said property, but denied plaintiff the recovery of any money judgment against defendants upon his second cause of action. Plaintiff appeals from the judgment of the court denying recovery under his second cause of action, and urges that plaintiff is entitled to recover damages in this case regardless of the claim of good faith.

The record discloses that extensive litigation has ensued between plaintiff and defendants, litigating their rights to the property in question. That during said litigation Clarence W. Turner executed the deed in question to his wife and later placed the same of record. The courts held against Clarence W. Turner in said litigation, which in reality annulled the effect of said deed.

The question to be considered in this appeal is whether or not there was sufficient evidence to show that the acts of defendants were of such a nature as to entitle plaintiff to recover damages because of said acts and to recover attorney fee for the suit to quiet his title against said defendants.

The case was tried to the court without a jury, and the court found favorable to defendants upon the issue in said cause.

We have examined the evidence, and find that the evidence is ample to support the judgment of the trial court in favor of plaintiff, on his first cause of action, and that there is not sufficient evidence to support a judgment favorable to plaintiff on his second cause of action.

The only conclusion that can be reached is that the findings and judgment of the trial court are supported by the law and evidence, and that no error was committed in rendering judgment for plaintiff on his first cause of action and against plaintiff on his second cause of action.

This court has frequently held that, in a civil action triable to the court, where the finding of the court is general, such finding is a finding of each specific thing necessary to sustain the general finding; and where such finding is not clearly against the weight of the evidence, the judgment will be affirmed. Watashe v. Tiger, 88 Okla. 77, 211 P. 415.

Under said authority, we hold that the decision of the trial court should not be reversed, but should be affirmed.

CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.

Note.—See under (1) 2 R. C. L. 203; R. C. L. Perm. Supp. p. 377; R. C. L. Pocket Part, title "Appeal," § 172.