## GOOLSBY v. CHEATHAM et al.

No. 26550. Oct. 20, 1936.

Rehearing Denied Nov. 10, 1936.

Finney & Cook, for plaintiff in error.

Lee & Allen, for defendants in error.

PER CURIAM. Plaintiff in error was plaintiff in the lower court and will so be referred to herein.

This action was instituted in the district court of McCurtain county by J. B. Goolsby, to foreclose a real estate mortgage as against George Cheatham and his wife, Mary Cheatham, Frank Cheatham, and his wife, Lucinda (Cinda) Cheatham, and others. Personal service of summons was duly had on each of the four Cheathams, but each and all wholly defaulted.

The lower court entered a default judgment against each and all of the defendants. An order of sale was issued and a sale had thereunder. The plaintiff filed his motion to confirm the sale.. At this stage of the proceedings, each of the four Cheathams filed objections to confirmation of the sale and motion to quash execution for the sole reason that for many years prior to the execution of the note and mortgage, they had occupied the land covered thereby as their homestead and were continuing to do so, and that neither of the wives had joined in the execution of the mortgage.

Over the objection of the plaintiff the lower court heard evidence to support the contention that the land was the homestead of defendants. The court thereupon entered its order setting the sale aside and quashing the execution. From this order the plaintiff prosecutes this appeal.

It is to be noted that in rendering its judgment of foreclosure the lower court specifically ordered that the wives, Mary Cheatham and Lucinda (Cinda) Cheatham, owned no right, title or interest in and to the real estate and forever barred all the defendants of all right, title, interest, claim, or estate in or to the real estate.

The judgment of foreclosure has never been attacked by the defendants, but stands as made. We are not concerned with the correctness of that judgment. Commissioners of Taxing District v. Loague, 129 U. S. 493, 9 S. Ct. 327, 331, 32 L. Ed. 780: "Res judicata may render straight that which is crooked, and black that which is white." (Chief Justice Fuller speaking.)

Defendants cite the case of McMullen v. Carlis, 133 Okla. 204, 271 P. 665, for the proposition that the question of homestead may be properly raised on motion to quash execution, even where both husband and wife were parties to the action. A reading of that case discloses that the judgment obtained was a money judgment and the execution issued thereunder was a general execution, and the land sought to be sold was in a county other than the county in which the judgment was obtained.

In the case at bar we have a special execution, issued under a decree of foreclosure, wherein all the rights, title, interest, claim, or estate in and to the land sought to be foreclosed were determined by the court. The decree of foreclosure is res judicata of all the matters and facts which were essential to its rendition. This decree does not disclose the existence of a homestead right, but to the contrary, it bars the defendants from

all right, title, interest, claim or estate in and to the land.

The homestead right is a personal one and may be waived. Taylor v. Campbell, 139 Okla. 110, 281 P. 243.

It is contended that the decree of foreclosure can amount to no more than a judgment for a debt because the question of homestead was not in issue and the subject-matter was a homestead, and being so, it was not subject to foreclosure unless both husband and wife joined in the execution of the mortgage.

If the land constituted a homestead, the burden was upon the defendants to appear and disclose that fact by proper pleadings and evidence instead of defaulting in the premises. Their failure to so appear estops them from asserting that fact subsequent to the decree of foreclosure, while such decree remains a good and valid judgment of the court. The homestead right, being a personal one, was waived by failure of defendants to appear and plead it. Taylor v. Campbell, supra.

The decree of foreclosure concludes the defendants against setting up in a subsequent proceeding any mere legal defense which they might have made prior to the rendition of the decree.

It follows that the lower court erred in sustaining objections to confirmation of the sale and in quashing the execution.

Judgment is reversed, and the cause remanded, with directions to the trial court to overrule the motion to quash execution and to confirm the sheriff's sale.

The Supreme Court acknowledges the aid of Attorneys Curtis P. Harris, Gordon Fuller, and Streeter B. Flynn in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Harris and approved by Mr. Fuller and Mr. Flynn, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur.