## In re BARRETT'S ESTATE.
### BARRETT v. HICKMAN.

No. 25298.    Feb. 16, 1937.

Rehearing Denied Oct. 19, 1937.

Frank Petree, L. A. Pelley, and Edwards & Robinson, for plaintiff in error.

E. E. Gore and Guy P. Horton, for defendant in error.

GIBSON, J. This is an appeal from an order and judgment of the district court of Jackson county appointing an administrator on trial de novo of an appeal from county court.

As an alleged creditor of the estate of F. E. Barrett, deceased, S. E. Hickman, executor of the last will and testament of Charles Munsell, filed his petition in the county court of Jackson county seeking the appointment of an administrator of the estate of the said F. E. Barrett, which petition was denied on the ground that said estate was not subject to administration. Appeal was taken to the district court, where the order of the county court was reversed and judgment rendered appointing one L. B. Yates as administrator and defining his duties and fixing his bond. The widow of the deceased has appealed from that judgment.

Prior to Barrett's death, Hickman, as executor, had filed his final account in the Munsell case showing an alleged debt due from Barrett to Munsell's estate. The county court on due hearing approved the report, ordered final distribution and discharged Hickman and his bondsmen from further duty and responsibility, except Hickman was ordered, as executor, to continue as such for the purpose of collecting the Barrett debt and was required to file another executor's bond before entering upon the latter duty. This was accordingly accomplished, and Hickman as such executor commenced action against Barrett in district court, resulting in judgment for Barrett. The executor appealed to this court, and, pending the appeal, Barrett died. Thereupon Hickman, as executor of the Munsell will, filed the petition in the instant case for the appointment of an administrator of Barrett's estate.

The plaintiff in error, referred to herein as protestant, takes the position that Hickman, subsequent to his final discharge as above related, was no longer a creditor of Barrett's estate and was without interest therein sufficient to entitle him to institute administration proceedings upon Barrett's estate. Sections 142, 1135, 1381, O. S. 1931.

That question has been decided adversely to protestant's contention in Hickman v. Barrett, 175 Okla. 262, 52 P. (2d) 40, and need not be further considered here.

The further contention is made that the district court erred in appointing an administrator of the estate of F. E. Barrett, deceased.

The latter contention is sound and is sustained. By sections 12 and 13, art. 7, of the Constitution, the county court is given original jurisdiction in probate matters, including the power to grant letters of administration, and that jurisdiction is exclusive in said court and the jurisdiction of the district court on appeal in such matters is appellate only (section 16, art. 7, Const.; In re Gentry's Estate, 158 Okla. 196, 13 P. (2d) 156); and on such appeal the issues remain the same as they were in county court and may not be enlarged. Parker v. Lewis, 45 Okla. 807, 147 P. 310; Secrest v. Secrest, 146 Okla. 235, 294 P. 91.

Here the issue was whether the county court should assume jurisdiction of the petition and appoint some suitable person as administrator. The district court not only reversed the county court in its decision of that question, but enlarged the scope of the issues by determining who should be ap-

pointed, and in addition thereto assumed original probate jurisdiction and proceeded to make the appointment. The issue was not whether Yates, or any other particular person, should be appointed, but whether under the issues raised in county court some suitable person should be appointed.

Where a probate appeal involves questions of fact, the trial in district court must be de novo and must be conducted as if the proceedings had originated there, and the district court has the same power to decide the questions of fact as did the county court in the first instance (section 1412, O. S. 1931), but, as was said in the Secrest Case, supra:

"On appeal from the county court in probate proceedings, the district court acquires appellate jurisdiction only, and, in the exercise of such jurisdiction, the issues remain the same as in the county court, and amendments which inject new issues on appeal should not be allowed."

Here the district court could only say whether the county court should assume jurisdiction under the petition and appoint a suitable person. Its judgment deciding that question in the affirmative was the extent of its jurisdiction, and thereupon it became such court's duty under section 1416, O. S. 1931, to remand the case to the county court with directions to assume jurisdiction accordingly and proceed to make the appointment.

We therefore hold that on appeal from an order of the county court denying a petition for the appointment of some suitable person as administrator of the estate of a decedent, the district court is without power to make the appointment, but, in event the order is reversed, it becomes the duty of the district court to remand the cause to the county court with directions to assume jurisdiction and make the appointment.

The judgment is reversed and the cause remanded to the district court, with directions to remand the same to county court for further proceedings in accordance with the views herein expressed.

BAYLESS, V. C. J., and BUSBY, WELCH, and PHELPS, JJ., concur.

RILEY, J. (dissenting). The majority opinion holds that where a county court denies a petition for the appointment of some suitable person as administrator of the estate of a decedent and the cause is appealed to the district court and there reversed, the district court is without power to make the appointment, but must remand the cause to the county court with directions. This I think is an erroneous rule.

Section 1412, O. S. 1931, provides that on appeal from the county court, the trial in the district court shall be de novo, and must be conducted as if the case had lawfully originated there.

In the case of Peters v. Holder, 40 Okla. 93, 136 P. 400, this court said:

"Trial de novo means retrial of the entire case anew as if no action had ever been instituted in the court below—a second time".

Certainly, if we follow this plain and unambiguous holding, then the issues in the district court are those raised by the pleadings and are not restricted to those passed on by the judge of the county court.

"On a new trial in the appellate court all questions which legitimately arise on the record are open for consideration, and this is so whether or not they were urged or relied on in the lower courts." 4 C. J. 728, sec. 2651.

The petition filed in the county court requested some suitable person be appointed administrator, and under the above authorities this became an issue on trial de novo in the district court. Thus the issues on trial de novo in the district court were twofold: (1) Shall an administrator be appointed? and (2) Who is a suitable person to be administrator?

The case of Engle v. Yorks (S. D. 1895) 64 N. W. 133, construes section 5976, Dakota Statutes, which was adopted by Oklahoma in 1890, and is now section 1412, as authorizing the appellate court on appeal to appoint a guardian, saying:

"It would hardly be conceivable that the case should be sent to the circuit court for 'trial de novo', with no power to pronounce judgment when it had determined the facts and their legal effects. * * *"

In the case of In re Copperfield's Estate, 158 Okla. 40, 12 P. (2d) 490, the district court on appeal appointed Shedd administrator in place of Logan, who had been appointed by the county court. The case was appealed and affirmed by this court.

A careful reading of Secrest v. Secrest, 146 Okla. 235, 294 P. 91, and Parker v. Lewis, supra, discloses they do not fully support the majority holding. In both

264

cases it was sought, on appeal, **to enlarge the issues by changing the pleadings,** and both cases hold this cannot be done. That is a sound doctrine.

In re Copperfield's Estate. supra, is to like effect and cites as authority Parker v. Lewis, yet it permitted the district court on appeal to appoint an administrator.

The majority holding is not only contrary to the above authorities, but it engrafts upon our legal system an admittedly cumbersome and unnecessary step. It is the duty of the judiciary, where no violence will be done to established legal concepts, to so interpret the law that circuity of action will be avoided. Such a course, diligently pursued, will eliminate many of the delays, with their attendant expense, which now confront and confuse the litigant.

OSBORN, C. J.. and CORN and HURST, JJ., concur.