## STOCK v. SENTINEL RURAL AND LONG DISTANCE TELEPHONE CO. et al.

No. 28479. Jan. 31, 1939.

Rehearing Denied Feb. 28, 1939.

Edwards & Edwards and Charles Swindall, for plaintiff in error.

Geo. E. Merritt, for defendants in error.

HURST, J. On July 16, 1937, plaintiff telephone company brought this action in the district court against Robert E. Dewitt and the unknown heirs, executors, administrators. devisees, trustees, and assigns of J. B. Dewitt, deceased, alleging that J. B. Dewitt, at the time of his death on or about June 15, 1937, was indebted to plaintiff for telephone service, and praying for judgment against the defendants "for the purpose of applying the property and debts owing to the said J. B. Dewitt, deceased, at the time of his death to be taken by any of the provisional remedies provided by law, in the sum of $78.07. * * *" Plaintiff filed a garnishment affidavit against the First National Bank of Sentinel and W. J. Warren as garnishees. The bank answered that it owed W. J. Warren $108.91 which was carried on the bank books as "W. J. Warren, Rent Account, Dewitt Farm." Warren answered that he did not hold any property belonging to the defendants; that he is the tenant on a farm formerly owned by J. B. Dewitt under a crop rent lease contract; that on March 29, 1937, and prior to his death, Dewitt executed a bill of sale to one Mrs. Eva Stock covering all his personal property and the rents due under the lease contract, which was filed for record on June 9, 1937; and that he holds said $108.91 due to Mrs. Eva Stock. Plaintiff served notice on Warren that it elected to take issue with him on his answer as garnishee.

Thereafter, Mrs. Eva Stock filed a petition in intervention in the cause claiming the aforesaid $108.91 and alleging that Dewitt had, for a valuable consideration, executed and delivered to her a bill of sale covering all his personal property and an assignment of his interest in the crops for the year 1937 growing or grown upon the land in question. Plaintiff filed a motion for judgment on the pleadings, which was sustained and judgment entered against intervener and the garnishees to pay the money into court to be applied to plaintiff's claim. On the same day, the court entered judgment in rem in favor of plaintiff against defendants, the heirs, etc., of J. B. Dewitt, deceased, for the purpose of applying the property of the deceased "under the provisional remedy of garnishment to the payment of plaintiff's claim". Intervener appeals, and argues that the district court was without jurisdiction to render judgment against the property of J. B. Dewitt, deceased, since no executor or administrator had been appointed. In answer thereto, plaintiff contends that no administrator of the estate of Dewitt was necessary, as there were no assets which could be subjected to the claims of creditors under an administration.

Even assuming, without determining, that the funds involved here are not assets of the estate, and that there are no other assets of the estate, it does not follow that the district court has jurisdiction of this action on the theory that the lack of such assets renders the appointment of an administrator unnecessary. The question of the necessity for the appointment of an administrator is within the exclusive original jurisdiction of the county court. Section 12, art. 7, of the Oklahoma Constitution; sec. 1067, O. S. 1931 (58 Okla. St. Ann. sec. 1); Secrest v. Secrest (1930) 146 Okla. 235, 294 P. 91; In re Copperfield's Estate (1932) 158 Okla. 40, 12 P.2d 490. See, also, 23 C. J. 1005, sec. 25, and Bancroft's Probate Procedure, vol. 1, p. 62, sec. 33. Even if the deceased left no assets, that fact does not affect the jurisdiction of the county court in this regard. Wolf v. Gills (1923) 96 Okla. 6, 219 P. 350; Okfuskey v. Corbin (1935) 170 Okla. 449, 40 P.2d 1064; In re Thompson's Estate (1937) 179 Okla. 240, 65 P.2d 442. In re Carter's Estate (1925) 113 Okla. 182, 240 P. 727, relied on by plaintiff, is not contrary to this view. Therein it was held, on appeal from the county court, that the county court did not abuse its discretion in refusing to appoint an administrator where there were no assets and no other sufficient reason for the appointment of an administrator was shown.

We need not and do not determine what rights a creditor has under the circumstances presented by this case. See, however, sections 1135, 1201, 1202, and 1231, et seq., O. S. 1931 (58 Okla. St. Ann. secs. 122, 259, 260, and 331); Miller v. Bradburn's Estate (1925) 106 Okla. 234, 233 P. 736; Hamilton v. Browder (1936) 176 Okla. 229, 54 P. 2d 1025; Johnson v. Rutherford (1914, N. D.) 147 N. W. 390; Fehringer v. Commercial Nat. Bank (1901, Utah) 64 P. 1108; Bancroft's Probate Procedure, vol. 2, p. 879, sec. 476; 24 C. J. 797, sec. 1983.

In the instant case, which is in effect an action against the estate, a determination that there was no necessity for the appointment of an administrator was (among other questions not considered here because of the view we have taken) essential to the jurisdiction of the trial court. No such determination having been made by the county court, and the district court being without original jurisdiction to consider

this question, it follows that the trial court had no jurisdiction of this action against the estate of the deceased.

Reversed, with directions to dismiss the action.

BAYLESS, C. J., and RILEY, CORN, and DANNER, JJ., concur.