**THORNTON et al. v. MOORE, Adm'r.**

No. 28596.    Oct. 3, 1939.

Karl D. Cunningham, of Kingfisher (Charles Swindall, of Oklahoma City, of counsel), for plaintiffs in error.

Charles F. Shutler, of Kingfisher, for defendant in error.

OSBORN, J. George E. Moore, administrator of the estate of Josie Dunnigan, deceased, hereinafter referred to as petitioner, instituted a proceeding in the county court of Kingfisher county, seeking authority to sell an oil and gas lease on certain property of the estate pursuant to the authority granted by article 2, ch. 8, S. L. 1937. Objections were filed in behalf of one Fay Thornton, hereinafter referred to as respondent, who claimed to be an heir of deceased. The objections were overruled by the county court and an order entered authorizing the sale of the oil and gas lease. An appeal was perfected to the district court, where a hearing was had and a demurrer sustained to the evidence offered in behalf of respondent and an order entered remanding the cause to the county court for further proceedings. From said order respondent perfected an appeal to this court.

In the petition for authority to sell the oil and gas lease, in addition to the formal allegations required by the above-cited statute, it is alleged that one Alford Dunnigan is the surviving husband of deceased; that the property was acquired by the joint efforts of deceased and said husband during coverture; that no children were born of the marriage and that Alford Dunnigan is the sole and only heir of said deceased.

In the written objections to the confirmation of the sale of the oil and gas lease it is alleged that respondent, Fay Thornton, married deceased Josie Dunnigan on December 6, 1917; that they lived together in Kansas City, Mo., "up to on or about the year 1926 or 1927," at which time deceased moved to Kingfisher county, Okla.; that respondent had never procured a divorce from deceased; that no children were born to said marriage. Various formal objections to the proceedings are raised. Respondent prays that all proceedings relating to the sale of the oil and gas lease be set aside and held for naught; that he be decreed to be the lawful husband of deceased and a forced heir to the estate of deceased and that the administrator be cited to appear and show cause why he should not be discharged as administrator.

The respondent, Thornton, made no appearance at the trial and did not testify in his own behalf, neither did he sign or verify any of the pleadings. Witnesses testified in his behalf, by deposition, that he and deceased were married at Sioux Falls, S. D., in 1917; the marriage certificate was introduced in evidence; the witnesses testified that so far as they knew, no divorce had been granted to either party.

Alford Dunnigan, who is alleged by the administrator to be the surviving spouse of deceased, made no appearance and filed no objections to the sale of the oil and gas lease.

In the respondent's brief it is stated that "the only question involved in this appeal * * * is the power and jurisdiction of the county court to authorize the lease of the land described in the petition for oil and gas mining purposes, and it is immaterial

whether Alford Dunnigan was the husband of Josie Dunnigan or whether Fay Thornton was her surviving husband, and who were her other heirs, if any, as those are questions that cannot be considered in this appeal."

Josie Dunnigan died on February 10, 1933. The 80 acres of land involved herein was the only property owned by her at the time of her death, and at that time was occupied by deceased and Alford Dunnigan. Since that time Alford Dunnigan has continued to use and occupy the premises. The statute authorizing the sale of the oil and gas lease became effective on April 3, 1937. Respondent takes the position that said statute is violative of section 2, art. 12, of the Constitution, which prohibits a forced sale of the homestead and is likewise violative of the vested and accrued homestead rights of the homestead occupant and heirs of deceased, citing Baker v. Tulsa Building & Loan Association, 179 Okla. 432, 66 P.2d 45. In other words, respondent's contentions are founded upon constitutional and statutory provisions relating to homesteads and homestead rights.

We find it unnecessary to determine the questions thus raised. The party alleged by the administrator to be the surviving spouse of deceased and thereby entitled to the homestead rights of an occupant has made no appearance and filed no objection to the sale of the oil and gas lease. The constitutional homestead right is personal. Goolsby v. Cheatham, 178 Okla. 113, 61 P.2d 1073. Petitioner is in no position to assert any claim arising out of any homestead right of Alford Dunnigan. The evidence offered in behalf of petitioner negatives any right he might have to claim a homestead right in the premises involved herein. It is shown that he never lived on the premises. It necessarily follows that petitioner is wholly without right or authority to assert the unconstitutionality of the above-cited statute on the ground that it is violative of constitutional or statutory homestead rights. The trial court did not err in sustaining a demurrer to the evidence offered in his behalf.

The plaintiffs in error, Elizabeth Lacey and Alva D. Mauk filed applications in the district court to be made parties to the proceeding, in which they alleged that petitioner Fay Thornton had conveyed to them all of his interest in the property involved herein. The trial court denied the application and they appear in this appeal urging said denial as error. The district court had appellate jurisdiction only and was without authority to determine any issue which was not presented to the county court. Secrest v. Secrest, 146 Okla. 235, 294 P. 91. There is no foundation upon which error might be predicated in refusing to make these plaintiffs in error parties to the proceeding.

The judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, CORN, GIBSON, HURST, DAVISON, and DANNER, JJ., concur.