**Emma Doris WYCHE, Plaintiff in Error,**

v.

**Thomas L. WYCHE, Defendant in Error.**

**No. 39269.**

Supreme Court of Oklahoma.

Sept. 19, 1961.

Welch & Dudley, Madill, Miskovsky & Miskovsky, Oklahoma City, for plaintiff in error.

Paul & Montgomery, Durant, for defendant in error.

WILLIAMS, Chief Justice.

Dr. T. G. Wyche died on the 25th day of January, 1960. Thomas L. Wyche, hereinafter referred to as defendant in error, filed a petition praying that as surviving son he be issued letters of administration. The widow, Emma Doris Wyche, hereinafter referred to as plaintiff in error, filed an answer in which she asked to be appointed administratrix. Thomas L. Wyche subsequently filed his objection to her appointment and nominated Doyle Lemonds. Pending a hearing, the county court appointed a special administrator. From judgment of the county court refusing to appoint her and appointing Lemonds as administrator, plaintiff in error appealed to the district court. There the appointment made by the county court was affirmed. Plaintiff in error appeals.

At the trial it developed that plaintiff in error married Dr. T. G. Wyche in 1958, after the death of his first wife, mother of defendant in error; that prior to their marriage, plaintiff in error and Dr. Wyche entered into an antenuptial contract; that Dr. Wyche, on January 5, 1960, had filed a petition for divorce, in which he alleged incompatibility, which was pending at the time of his death.

Plaintiff in Error's "Proposition III" is:

"The provisions of Oklahoma's Statute fixing preference as to who is entitled to letters of administration are mandatory and the Court has no discretion but to appoint the one preferred by the statute if otherwise competent, and the incompetency referred to in the statute must be established by clear and convincing evidence to defeat the right to letters of administration because the legislature has prescribed exclusive grounds of incompetency and has left no discretion with the courts to add to or enlarge these specific grounds for disqualification. There has been no showing by clear and convincing evidence that Emma Doris Wyche is incompetent to perform the duties of administratrix of the estate of her deceased husband."

Thomas L. Wyche in his "Objections to Appointment of Administratrix" alleged:

"(2) That the said Emma Doris Wyche is not competent to handle said estate for the reason that said estate consists of a going retail business known as The House of Fabrics, a ranch, cattle, dental office and equipment, and many other items that are wholly foreign to the said petitioner and, therefore, she is not competent to act as administratrix of said estate."

The judgment of the trial court was a general judgment. It found:

"* * * that the objections of Thomas L. Wyche to the appointment of Emma Doris Wyche as Administratrix are substantially true, and the issues are adjudged against Emma Doris Wyche."

In Anderson v. Jackson, 170 Okl. 612, 41 P.2d 815, in the third syllabus we said:

"In a proceeding for letters of administration in this state, on appeal this court will weigh the evidence, but will not reverse the judgment of the trial court unless such judgment is clearly against the weight of the evidence."

In Hadwiger v. Melkus, Okl., 338 P.2d 1098, 1099, the court said:

"An appeal involving the appointment of an executor named in the will of a decedent is equitable in nature, and the burden is upon the party appealing to establish that the findings and judgment of the trial court are against the clear weight of the evidence."

We held in Mendenhall v. Walters, 53 Okl. 598, 157 P. 732, that:

"In a case of purely equitable cognizance, it is the duty of the Supreme Court, when the sufficiency of the evidence to support the findings of the trial court is challenged, to consider the whole record and to weigh all the evidence, and, when the judgment of the trial court is clearly against the weight of the evidence, render or cause to be rendered such judgment as should have been rendered in the trial court."

We said in Turner v. Turner, 159 Okl. 93, 14 P.2d 388, 389:

"This court has frequently held that, in a civil action triable to the court, where the finding of the court is general, such finding is a finding of each specific thing necessary to sustain the general finding; and where such finding is not clearly against the weight of the evidence, the judgment will be affirmed. Watashe v. Tiger et al., 88 Okl. 77, 211 P. 415."

The question then arises as to whether the judgment of the trial court in refusing to appoint plaintiff in error administratrix and appointing the nominee of decedent's son was clearly against the weight of the evidence.

The evidence of defendant in error, in part, was that a partnership composed of deceased and another was dissolved by the latter because of the "butting in" of plaintiff in error in the affairs of the partnership; that plaintiff in error advised the special administrator that she wanted him to watch the deceased's brother who was engaged in a cattle partnership with deceased; that the brother and Thomas L. Wyche were "liable to go south with" the cattle; that plaintiff in error told the county judge that he was "taking advice from the wrong people"; that the plaintiff in error told the county court reporter "that Judge had got plenty of money from the Wyche estate out of his decision, by doing what he did"; that the deceased's estate, in part, consisted of a ranch, a fabric store, commercial buildings, cattle and rent houses; that plaintiff in error was not "emotionally stable enough to handle" the estate; that plaintiff in error had merchandise shipped to the store and paid for out of receipts from the store all without authority from the special administrator; that plaintiff in error had harassed the special administrator's wife and threatened to sue him; that while one divorce action was pending and after plaintiff in error had been advised by her attorney to stay out of the fabric store she attempted to enter it by pushing out the screen and unlocking the door, but she was not able to enter the store because the deceased had changed the locks; that while that divorce action was pending plaintiff in error charged a diamond ring to deceased; that she objected to the special administrator renting one of the rent houses to a family with children (although a family with children lived in the other rent house); that thereafter the special administrator had

some 100 calls about such house but could not rent it.

The evidence of plaintiff in error was that her temperment was good; that she was a good business woman.

Plaintiff in error denied that she made the above statement to the county Court reporter concerning the county judge; and denied that she threatened to sue the special administrator.

58 O.S.1951 § 122 provides, inter alia, as follows:

"Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, and they are respectively entitled thereto in the following order: 1. The surviving husband or wife, or some competent person whom he or she may request to have appointed. 2. The children * * *"

58 O.S.1951 § 126 is of provision as follows:

"No person is competent to serve as administrator or administratrix, who, when appointed, is:

"1. Under the age of majority. 2. Convicted of an infamous crime. 3. Adjudged by the court incompetent to execute the duties of the trust by reason of drunkenness, improvidence or want of understanding or integrity."

In Black's Law Dictionary, Fourth Edition, 1957, is the following definition of the word "Improvidence":

"Improvidence—as used in a statute excluding one found incompetent to execute the duties of an administrator by reason of improvidence means that want of care and foresight in the management of property which would be likely to render the estate and effects of the intestate unsafe and liable to be lost or diminished in value, in case the administration should be committed to the improvident person. In re Fulper's Estate, 99 N.J.Eq. 293, 132 A. 834, 843."

In 33 C.J.S. Executors and Administrators § 46, para. e, page 947, is the following language:

"A person may be disqualified by reason of improvidence, which in this connection may be defined as such a lack of care and foresight as would endanger the administration of the estate if it were committed to the management of an applicant displaying such lack."

In Secrest v. Secrest, 168 Okl. 576, 36 P.2d 57, 59, we said:

"The trial court heard the various witnesses and was in a position to weigh their evidence. In an action of this character, being an action in equity, the burden is upon plaintiff to show the findings and judgment of the trial court are against the clear weight of the evidence. As we view this record, we are unable to say that appellant has taken off that weight of evidence or has sustained the burden cast upon him * * *"

The trial court was in a position to observe the witnesses as they testified and after consideration affirmed the action of the county court in refusing to appoint plaintiff in error as administratrix, and in affirming the appointment of Doyle Lemonds as administrator. We are unable to say the judgment is clearly against the weight of the evidence.

Propositions I and II advanced by plaintiff in error deal with the effect of the antenuptial contract. A discussion of such matter is not deemed necessary to a determination of this appeal by reason of the foregoing.

Judgment affirmed.

BLACKBIRD, V. C. J., and HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

WELCH, J., concurs in result.

DAVISON, J., dissents.

DAVISON, Justice (dissenting).

I am unable to agree with the majority opinion. Plaintiff in error, being the wife of deceased, was entitled to letters of administration of his estate under the provisions of Title 58 O.S. § 122. Under this section of the statute it was compulsory on the part of the court to appoint her when she applied for the letters, unless she was precluded from such appointment by reason of the exceptions contained in Title 58 O.S. § 126.

The above is true regardless of the fact that the majority opinion refers to the fact of the pending divorce action, the antenuptial agreement, together with the other supporting arguments.

The judgment of the trial court simply stated that "the issues are adjudged against Emma Doris Wyche." If this judgment was based on the fact that because of the antenuptial agreement or the pending divorce case or the other matters enumerated in the majority opinion, it was erroneous.

If the judgment was based on actual evidence pertaining to the incompetency of the widow, I am of the opinion that such judgment would be against the clear weight of the evidence.

A number of disinterested witnesses testified that Mrs. Wyche was intelligent, agreeable, competent and a good business woman. A majority of the witnesses who testified against Mrs. Wyche had a pecuniary interest in the estate.

Mr. Lemonds, who was appointed the administrator of the estate, stated on cross-examination that the estate would not be difficult to administer. That the ranch was in the Soil Bank and that the ranch could be handled by Mrs. Wyche.

The other property consisted of rental property which had fixed tenants where the rents could be easily collected.

The burden of proof was on the defendant in error to show that plaintiff in error was incompetent to serve as administrator. In my opinion he failed to meet this burden.

I, therefore, respectfully dissent.