In the Matter of the ESTATE OF
William Lee BEARDEN,
Deceased:

Jeffrey Scott BEARDEN, Sienna Marie
Bearden, and LaDonna Lee
Bearden, Appellants,

v.

F. Katherine BEARDEN, as Personal
Representative of the Estate of William
Lee Bearden, Deceased, Appellee.

No. 73708.

Court of Appeals of Oklahoma,
Division No. 3.

Oct. 30, 1990.

As Corrected Nov. 5, 1990.

Curtis H. Parks and Michael J. Beard, Tulsa, for appellants.

J. Duke Logan, O.B. Johnston, Vinita, for appellee.

## MEMORANDUM OPINION

HANSEN, Judge:

This is an appeal from an order appointing F. Katherine Bearden (Appellee), wife of Decedent, William Lee Bearden, as personal representative of Decedent's estate.

On May 29, 1988, William L. Bearden died as the result of a gunshot wound to the head. The only person present at the time of the shooting was his wife. Decedent was survived by his wife and three adult children of a former marriage (Appellants). Katherine filed her Petition to Probate the Last Will and Testament of the Deceased. The will, appointing Katherine as Personal Representative, was admitted to probate. Appellants objected to the appointment of Katherine as personal representative based on the circumstances surrounding Decedent's death. A hearing was held on November 3, 1988 wherein Appellants attempted to show suspicious circumstances surrounding the death of Decedent. The trial court found Katherine to be unfit to serve as personal representative of the estate, under 58 O.S.1981 § 102(3),[1] solely because she was suffering the effects of alcoholism. Subsequently, an action was filed in Tulsa County under 84 O.S.1981 § 231, alleging Katherine was disqualified

to inherit or be the beneficiary of any life insurance policy.[2]

On December 20, 1988, the trial court issued letters of special administration appointing a local attorney as special administrator to sell property likely to depreciate in value and give notice to creditors.

On July 14, 1989, the trial court conducted a hearing to evaluate Katherine's competency to serve as personal representative. There is nothing in the record to show Appellants presented any evidence at the aforementioned hearing of Katherine's alleged incompetency. Judging her to be a suitable and proper person to serve, it found Katherine competent and appointed her as personal representative. No regular administrators as distinguished from a special administrator, had been appointed at the time Katherine was appointed as personal representative. It is from this order Appellants appeal.

■ For their first proposition of error, Appellants allege the trial court erred in appointing Katherine as personal representative because it had previously disqualified her to serve in such capacity by virtue of 58 O.S.1981 § 102(3). They argue the relevant time for disqualification is at the time the will is admitted to probate, and that the trial court abused its discretion by failing to appoint the alternate personal representatives as designated by Decedent's Last Will and Testament.[3] We disagree. Section 102 provides only that if the trial court rules a person incompetent to execute the duties of personal representative by reason of drunkenness, then at the time the Will is admitted to probate, he shall not serve as personal representative.

1. 58 O.S.1981 § 102(3) provides:
 No person is competent to serve as executor who at the time the will is admitted to probate is:
 1. Under the age of majority.
 2. Convicted of an infamous crime.
 3. Adjudged by the court incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of understanding and integrity.

2. This case is pending in the District Court of Tulsa County under Case No. CJ–88–6596.

3. Decedent's will states:
 "2. I nominate and appoint F. Katherine Bearden as Personal Respresentative of this my Last Will and Testament; and, in the event she fails to accept the appointment for any reason, or ceases to act, I then nominate and appoint my sister, Margaret B. Thomas, and my friend, Dr. G.E. Moots, as Co–Personal Representatives of this my Last Will and Testament. I direct that no bond shall be required of any of them."

The trial court did not violate the mandate of § 102. On November 3, 1988, when it found Katherine to be incompetent because she was suffering the effects of alcoholism, the trial court did, in fact, disqualify her from serving as personal representative. It was only when she was found by the trial court to be competent that she was appointed as personal representative. In the interim, some of the duties of managing the estate were carried out by the special administrator. The trial court did not abuse its discretion in failing to appoint an alternate personal representative following Katherine's disqualification at the time Decedent's will was admitted to probate.

 Next, Appellants contend the trial court abused its discretion in failing to find Katherine had renounced her executorship under 58 O.S.1981 § 108.[4] Decedent died on May 29, 1988. At the November 3, 1988 hearing, J. Ralph Moore, the attorney who prepared Decedent's will, testified that two or three weeks after Decedent's death, Katherine came to his office and "wanted to know if there was anything that needed to be done." He told her he "didn't really see any need to probate a will, due to the lack of assets in the estate." Appellants filed a petition for administration on August 10, 1988. Thereafter, Katherine retained Mr. Moore, who filed the Petition to Probate Will. The record reveals Katherine showed good cause for her delay in petitioning the court for probate of the will under 58 O.S.1981 § 108, and, that under the evidence revealed herein, she did not

forfeit her right to be appointed personal representative of Decedent's estate. *See Secrest v. Secrest,* 146 Okla. 235, 294 P. 91 (1930). The trial court did not abuse its authority in not finding Katherine had renounced her right to be appointed personal representative.

 Further, Appellants contend the trial court erred in failing to find Katherine disqualified by being unable to hold a position of trust due to their allegations she had averted and concealed estate assets.[5] The testimony included in Appellants' brief to support their position was given at the November 3, 1988 hearing, in which the trial court found alcoholism to be the only ground for Katherine's disqualification. The trial court heard the various witnesses and was in a position to weigh the evidence. In an action of this character, being an action in equity, the burden is upon Appellants to show the findings and judgment of the trial court are against the clear weight of the evidence. *Wyche v. Wyche,* 365 P.2d 993 (Okla.1961). The findings of the trial court are not against the clear weight of the evidence. The trial court did not err in finding on July 14, 1989, Katherine was presently qualified to be appointed personal representative.

 Finally, Appellants insist 12 O.S. 1981 § 1053(A)[6] establishes a conflict of interest for Katherine in her capacity as a personal representative. However, the trial court found no convincing evidence to support Appellants' allegations that Kath-

---

**4.** 58 O.S. § 108 provides:

If the person named in a will as executor, for thirty days after he has knowledge of the death of the testator, and that he is named as executor, fails to petition the proper court for the probate of the will, and that letters testamentary be issued to him, he may be held to have renounced his right to letters, and the court may appoint any other competent person administrator, unless good cause for delay is shown.

**5.** Appellants rely on 58 O.S.1981 § 126 which provides:

No person is competent to serve as administrator or administratrix, who, when appointed, is:

Adjudged by the Court incompetent to execute the duties of the trust by reason of

drunkenness, improvidence or want of understanding or integrity.

This statute is inapplicable, however, inasmuch as it deals with the competency of an administrator or administratrix.

**6.** 12 O.S.1981, § 1053(A) provides:

When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his personal representative if he is also deceased, if the former might have maintained an action, had he lived, against the latter, or his representative, for an injury for the same act or omission. The action must be commenced within two (2) years.

erine caused the death of Decedent. *See Wyche v. Wyche, supra.* Moreover, no heirs testified they wanted a lawsuit filed for either wrongful death or to set aside Katherine as a beneficiary of insurance proceeds. There is no ground for disqualification of Katherine as personal representative because of a conflict of interest.

For all of the foregoing reasons, the decision of the trial court is AFFIRMED.

HUNTER, V.C.J., concurs.

GARRETT, P.J., concurs with separate concurring opinion.

GARRETT, Presiding Judge, concurring:

I concur in the majority opinion under the facts of this case.

At the first hearing a "special administrator" was appointed. When a "special administrator" is appointed, it is in order at a later time to appoint a regular administrator or personal representative.

If a regular administrator or personal representative had been appointed at the initial hearing, the result may or may not be the same. Removal proceedings, in such case, must be based on statutory grounds.